**UNITED STATES of America**

v.

**Gilbert M. MORGAN, Appellant.**

**No. 72–1639.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 7, 1973.

Decided Jan. 25, 1974.

---

43. 157 U.S.App.D.C. 340, 484 F.2d 820 (1973).

44. 157 U.S.App.D.C. 368, 484 F.2d 1086 (1973).

Sheldon I. Cohen and Joseph Albert Broderick, Washington, D. C., were on the motion for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry, Herbert B. Hoffman, and David G. Larimer, Asst. U. S. Attys., for appellee.

Before BAZELON, Chief Judge, WRIGHT, Circuit Judge, and VAN PELT,* Senior United States District Judge for the District of Nebraska.

BAZELON, Chief Judge:

In an earlier appeal, 482 F.2d 786 (1973), Morgan claimed, *inter alia*, that the trial court abused its discretion in denying his motion to withdraw his guilty pleas. We remanded the record because we found it inadequate to resolve Morgan's contention. On remand, additional information has been brought to the attention of the district court which has moved it to indicate that if permitted by this court it would reconsider its denial of sentencing under the Youth Corrections Act, and appellant's motion to withdraw his guilty pleas. Accordingly, appellant now moves:

> that the mandate on remand to the District Court be amended and enlarged to permit the District Court to reconsider its denial of sentencing under the Youth Corrections Act, and if upon reconsideration, Youth Act is denied, to permit [the] District Court to entertain a motion by appellant to withdraw his guilty pleas and to enter a plea of not guilty by reason of insanity.

We grant this motion subject to the limitations stated herein.

I

A detailed description of the facts in this case is set forth in the opinion in the earlier appeal. Briefly, Morgan was indicted on three counts of first degree murder for slaying his wife, baby and mother-in-law. Initially he indicated his intention to rely on a plea of insanity supported by a report from Saint Elizabeths Hospital stating that on the day of the offense "[Morgan] was suffering from a mental disease [Schizophrenia, Chronic Undifferentiated Type] which substantially affected his mental and emotional processes and substantially impaired his behavior controls and the alleged offenses, if committed by him, were the products of his mental condition." Shortly after this report was filed, however, the prosecutor informed the court that the examining psychiatrist had "changed his opinion," and desired to study appellant further. Subsequently, another report was filed by the same psychiatrist to the effect that appellant was "without mental disease now and at the time of the alleged crime."

In light of the revised report, and the fact that appellant would soon reach his twenty-second birthday, thereby making him ineligible for the Federal Youth Corrections Act, he pled guilty to three counts of first degree murder. Thereupon, he was committed to the Medical Center for Federal Prisoners at Spring-

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

field, Missouri, for observation and evaluation under section 5010(e) of the Youth Act. The report filed pursuant to that evaluation indicated that appellant was suffering from "schizophrenic reaction, chronic undifferentiated type" —the same diagnosis as indicated in the initial Saint Elizabeths report—and advised against youth sentencing, in part because of the severity of appellant's mental illness.

On the basis of this report, appellant moved, before sentencing, to withdraw his guilty pleas so that he might raise an insanity defense. The court denied his motion. It then expressly relied upon the recommendation of the 5010(e) report to impose an adult sentence of twenty years to life.

On appeal, we noted the extremely "questionable circumstances surrounding [appellant's mental] examinations [at Saint Elizabeths]," and therefore remanded the record for a "thorough hearing" before deciding any issues. Four months later appellant filed the instant motion. The government has filed no opposition. We are advised by appellant's counsel that appellant was originally sentenced to the Medical Center for Federal Prisoners at Springfield pursuant to the trial court's "direct-[ive]" that appellant receive "treatment." Within one year, however, appellant was transferred from the Medical Center to the federal penitentiary at Terre Haute because the Medical Center found "his overall adjustment improved considerably and he has reached a point in treatment where he needs to try those behaviors which he has learned through therapy in different situations at anoth-

er institution. His judgment has improved considerably and his overall performance has greatly increased." [1]

## II

■ Appellant requests: (1) that the district court be allowed to reconsider its denial of a youth sentence; and (2) that if upon reconsideration the court still denies youth sentencing, it be allowed to reconsider appellant's motion to withdraw his guilty pleas and enter a plea of insanity. We grant appellant's motion in so far as it allows the district court to reconsider these matters. At this time, however, there is no need for appellant to specify the order in which he will press his motions in the court below. We assume that the district court would prefer that appellant not be bound by a particular choice until he has the opportunity to weigh and consider the information developed at the hearing ordered in our earlier opinion.

■ From all that presently appears, if the Saint Elizabeths psychiatrist had not "changed his opinion," the testimony in support of appellant's insanity defense would have been uncontradicted.[2] Since the hearing we ordered will disclose whether the psychiatrist's "change [of] opinion" was the product of permissible or impermissible factors,[3] it is essential to appellant's decision whether to move first for reconsideration of his sentence or for withdrawal of his pleas. Of course, neither this court nor the district court would seek to influence appellant's choice, but only to insure that it is a knowing and intelligent one.

So ordered.

1. This report was prepared by the same psychiatrist who had examined Morgan at the Youth Center only one year earlier, and who at that time found that "rehabilitation of the man would require many years. . . . [He presents] a very difficult problem as far as treatment and prognosis are concerned."

2. In such circumstances, the government frequently refrains from actively contesting the insanity plea. See D. Chambers, A Report on John Howard Pavillion at Saint Eliza-

beths Hospital, June 4, 1969, at 8 ("No doctor . . . could remember a single case in which the U. S. Attorney's office had contested a hospital finding of mental illness and 'productivity.'"); Pugh, The Insanity Defense In Operation: A Practicing Psychiatrist Views Durham and Brawner, 1973 Wash.U.L.Q. 87, 89 ("If [Saint Elizabeths] reports that the defendant was insane, the prosecution ceases to contest the issue.").

3. See 482 F.2d at 793.