**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Don Victor HARBOLT, Jr., Defendant-Appellant.**

**No. 73-3305**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

March 14, 1974.
Rehearing Denied April 2, 1974.

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et. al., 5 Cir. 1970, 431 F.2d 409, Part I.

Wayne H. Paris, Houston, Tex. (court-appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Mary L. Sinderson, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

DYER, Circuit Judge:

In a jury trial Harbolt was found guilty of conspiracy to rob a bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C.A. § 371 (Count 1); of aiding and abetting bank robbery by force, violence and intimidation in vi-olation of 18 U.S.C.A. § 2113(a) and 18 U.S.C.A. § 2 (Count 2); and of aiding and abetting the robbery of a bank by use of force and at gunpoint in violation of 18 U.S.C.A. § 2113(d) and 18 U.S.C.A. § 2 (Count 3).[1] We affirm.

The only noteworthy issue on appeal is Harbolt's contention that during the Government's cross-examination of Gruner, a former co-defendant called as a witness by Harbolt, the prosecutor knowingly elicited the fact that Gruner first met Harbolt in the Federal Reformatory in El Reno, Oklahoma and that after Gruner's release he met Harbolt in the Halfway House in Dallas, Texas. Harbolt's motion for a mistrial was denied.

Harbolt argues that it was reversible error for the district court to permit evidence to be introduced that Harbolt might likely be guilty of the offense for which he was being tried because he had committed prior criminal acts. United States v. Abshire, 5 Cir. 1972, 471 F.2d 116; Melton v. United States, 10 Cir. 1968, 398 F.2d 321; United States v. Hall, 4 Cir. 1965, 342 F.2d 849. We, of course, subscribe to this general rule and its application particularly where the probative value of evidence of other crimes may be very slight and its prejudicial character may be very strong. United States v. Knohl, 2 Cir. 1967, 379 F.2d 427, cert. denied, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465. But the present case is not of that kind. Gruner was a defense witness called to establish that he *coerced* Harbolt in aiding and abetting the bank robbery and to establish correlatively Harbolt's purported lack of affirmative action in the robbery scheme. Harbolt never attempted to negate his presence and participation with the others both before and during the robbery, but attempted to prove that his participation was minimal and coerced by Gruner. The Government attempted to counter this by showing the long-standing friendship between the two.

1. Four co-defendants were indicted with Harbolt, two of whom subsequently pled guilty to Count 1 and two pled guilty to Count 2.

The admissibility of such evidence is a matter within the broad discretion of the trial court, United States v. Abshire, *supra*, at 118; United States v. Gonzalez, 5 Cir. 1972, 460 F.2d 1286, and we find no abuse of discretion in this instance.

In any event, the error, if there be one, does not rise to constitutional dimensions. Under these circumstances, the test for determining whether a non-constitutional error is harmless has been stated in Kotteakos v. United States, 1946, 328 U.S. 750, 66 S.Ct. 1239, 90 L. Ed. 1557, as follows:

> If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand, except perhaps where the departure is from a constitutional norm or a specific command of Congress. . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.

*See also* United States v. Steinkoenig, 5 Cir. 1973, 487 F.2d 225.

 Although the cross-examination of Gruner did not disclose the nature of the prior offense committed by Harbolt, the fact that he was in prison when he met Gruner permitted the inference that he was a "bad man" who would rob a bank. On the other side of the coin the properly admitted evidence against Harbolt was overwhelming—indeed it was uncontroverted that he was one of the five who planned and participated in the bank robbery. "The weight of the evidence properly admitted, we conclude, removes any possibility that * * * [the reference to Harbolt's previously serving time in the penitentiary] had a substantial influence on the jury. *See* United States v. Bankston, 5 Cir. 1970, 424 F.2d 714." [2]

Affirmed.

2. We have considered and find without merit Harbolt's contentions that there was plain error in the court's failing to instruct the jury that Harbolt was charged as an aider and abetter in Counts two and three of the indictment; in permitting Harbolt's court-appointed counsel to continue his representation, when intermittently called upon to do so by Harbolt and the court, after the court dismissed counsel at Harbolt's request so that he could proceed *pro se*; that the Eighth Amendment was violated because the court imposed a more severe sentence upon Harbolt than was imposed upon his co-defendants because he did not plead guilty; and that the court failed to ascertain whether Harbolt understood that he was being charged as an aider and abetter in Counts two and three in violation of Rule 10, Fed.R.Crim.P., and his right to due process.