*785
 
 Opinion
 

 WALLIN, J.
 

 Jose Morales Abarca was convicted of one count of residential burglary. He was sentenced to six years, to which ten years were added as the result of true findings on two charged prior serious felony convictions.
 

 We originally affirmed the conviction of residential burglary, but remanded for a hearing on the validity of the prior convictions and to reexamine the issue of custody credits. The trial court again found Abarca suffered both serious felony prior convictions and reimposed the original sentence. In determining one of those convictions a “serious” prior felony, the court relied only on the transcript of the change of plea proceeding where Abarca answered “yes” when asked by that court if he pled guilty to burglary of a “residence.” Neither the change of plea form, sentencing transcript, nor the abstract of judgment indicated whether the burglary involved a residence, qualifying it as a “serious” felony under Penal Code section 667.
 
 [2]
 
 The court also ruled any custody credits after the first sentencing would be determined by the Department of Corrections.
 

 Abarca now contends: (1) the transcript of the change of plea proceedings relating to one of the prior felony convictions should not have been admitted to establish the conviction as a serious prior felony under section 667; and (2) the trial court should have awarded actual custody credits for the period between the two sentencing hearings. We affirm, but direct the trial court to amend the abstract of judgment to show actual custody credits for the period between the two sentencing hearings.
 

 I
 

 Section 667, subdivision (a) reads in relevant part: “[A]ny person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive ... a five-year enhancement for each such prior conviction . . . .” Section 1192.7, subdivision (c)(18) lists “burglary of an inhabited dwelling house ... or inhabited portion of any other building” as one of the serious felonies.
 

 Abarca contends the plea change transcript could not be admitted because: (1) it was not part of the “record of conviction” as that phrase was used in
 
 People
 
 v.
 
 Guerrero
 
 (1988) 44 Cal.3d 343, 355 [243 Cal.Rptr. 688, 748 P.2d 1150]; (2) it was hearsay; and (3) its admission deprived him of due process and his right to cross-examine his accuser. If inadmissible, the enhancement must fail for lack of evidence the conviction was for a “serious” felony.
 

 
 *786
 
 The
 
 Guerrero
 
 court established that a court may examine the entire record of the prior conviction in determining the underlying facts, but not look outside it.
 
 (People
 
 v.
 
 Guerrero, supra,
 
 44 Cal.3d at p. 355.) However, the court never defined what constituted “the record.”
 
 (People
 
 v.
 
 Smith
 
 (1988) 206 Cal.App.3d 340, 345 [253 Cal.Rptr. 522].) Courts have since held proper for consideration a variety of items including a change of plea form executed by the defendant in the previous conviction
 
 (People
 
 v.
 
 Carr
 
 (1988) 204 Cal.App.3d 774, 778 [251 Cal.Rptr. 458]); the charging documents and no contest plea reflected in a minute order
 
 (People
 
 v.
 
 Harrell
 
 (1989) 207 Cal.App.3d 1439, 1444 [255 Cal.Rptr. 750]); a complaint and
 
 Tahl
 

 [3]
 

 form admissions
 
 (People
 
 v.
 
 Smith, supra,
 
 206 Cal.App.3d at p. 345); a reporter’s transcript of the defendant’s guilty plea together with the information
 
 (People
 
 v.
 
 Batista
 
 (1988) 201 Cal.App.3d 1288, 1293 [248 Cal.Rptr. 46]); a probation report
 
 (People
 
 v.
 
 Garcia
 
 (1989) 216 Cal.App.3d 233, 237 [264 Cal.Rptr. 662]); and a preliminary hearing transcript
 
 (People
 
 v.
 
 Castellanos
 
 (1990) 219 Cal.App.3d 1163, 1170 [269 Cal.Rptr. 93].)
 

 From those cases, and our analysis of
 
 Guerrero,
 
 we determine “the record of the prior conviction” means all items that could have been used on appeal of that prior conviction, specifically, any items considered a normal part of the record under California Rules of Court, rule 33 or by which it could be augmented pursuant to California Rules of Court, rule 12. The reporter’s transcript of Abarca’s plea in his previous conviction was within the “record” contemplated by
 
 Guerrero.
 
 This rule, though, does not answer what items within the record are
 
 admissible
 
 and
 
 Guerrero
 
 specifically declined to provide a definition.
 
 (People
 
 v.
 
 Guerrero, supra, 44
 
 Cal.3d at p. 356, fn. 1.)
 

 Abarca contends the transcript is inadmissible hearsay. Although
 
 Guerrero
 
 offers no guidance regarding what items in the record of conviction are admissible, it does offer guidance in similar factual situations.
 
 (People
 
 v.
 
 Johnson
 
 (1989) 208 Cal.App.3d 19, 27 [256 Cal.Rptr. 16].) The evidence found sufficient in
 
 Guerrero
 
 included accusatory pleadings charging residential burglary and a plea of either guilty or nolo contendere. Abarca’s situation, though similar, is based on the
 
 reporter’s transcript
 
 of the change of plea hearing. It presents an issue involving two levels of hearsay; the transcript itself and the statements contained in it.
 

 The reporter’s transcript is admissible under Evidence Code section 1280 as an official records and writings exception. (See
 
 In re Harold M.
 
 (1978) 78
 
 *787
 
 Cal.App.3d 380, 387 [144 Cal.Rptr. 744].) Abarca’s statement in the transcript is permitted under Evidence Code section 1220 as an admissions exception. The courts in
 
 People
 
 v.
 
 Goodner
 
 (1990) 226 Cal.App.3d 609, 616 [276 Cal.Rptr. 542], and
 
 People
 
 v.
 
 Garcia
 
 (1989) 216 Cal.App.3d 233, 237 [264 Cal.Rptr. 662], found the defendant’s statements in a probation report admissible.
 
 People
 
 v.
 
 Batista, supra,
 
 201 Cal.App.3d 1288, 1293 [248 Cal.Rptr. 46], affirmed admission of the entire court file and the reporter’s transcript of the plea proceedings.
 

 In
 
 People
 
 v.
 
 Smith, supra,
 
 206 Cal.App.3d 340, we allowed the defendant’s
 
 Tahl
 
 form admissions. The court in
 
 People
 
 v.
 
 Williams
 
 (1990) 222 Cal.App.3d 911 [272 Cal.Rptr. 212], agreed that “a sentencing court may examine transcripts from proceedings in open court in which the defendant explicitly admits the facts underlying the prior conviction. [Citations.]”
 
 (Id.
 
 at p. 916.) However, the
 
 Williams
 
 court held that the trial court may not rely on multiple third party hearsay from a probation report.
 
 (Id.
 
 at p. 918.)
 

 But because it was Abarca’s own statement which was relied upon here, he “had an opportunity to dispute his purported admission in the prior proceeding. He was also entitled to present rebuttal evidence before the trial court and did not. [He] was given adequate opportunity to challenge the evidence presented against him.”
 
 (People
 
 v.
 
 Garcia, supra,
 
 216 Cal.App.3d at p. 237.) As we found in
 
 Smith:
 
 “The reliability of Smith’s
 
 Tahl
 
 form admissions is undiminished by the lack of constitutional compulsion. Other factors insure reliability. The trial court must make an on-the-record inquiry as to the factual basis for the plea [citation] as was done in all three prior convictions. Moreover, Smith signed the
 
 Tahl
 
 forms under penalty of perjury, stating he understood the charges against him and the change of plea form. The records containing Smith’s declarations against penal interest, on their face, disclose nothing
 
 inherently
 
 unreliable.”
 
 (People
 
 v.
 
 Smith, supra,
 
 206 Cal.App.3d at pp. 345-346.)
 

 Abarca’s admission that he burglarized a residence was made in direct response to the court’s questioning during formal plea proceedings. It was sufficiently reliable to satisfy concerns voiced in
 
 Guerrero
 
 beyond reliability issues addressed by the Evidence Code.
 
 [4]
 

 
 *788
 
 II
 
 *
 

 The judgment is affirmed and the trial court is directed to determine and award proper custody credits for the time between the two sentencing hearings.
 

 Sills, P. J., and Moore, J., concurred.
 

 [2]
 

 All statutory references are to the Penal Code unless otherwise specified.
 

 [3]
 

 In re Tahl
 
 (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].
 

 [4]
 

 Guerrero
 
 recognized as a consideration “whether on the peculiar facts of an individual case the application of the rule set forth herein might violate the constitutional rights of a criminal defendant.”
 
 (People
 
 v.
 
 Guerrero, supra,
 
 44 Cal.3d at p. 356, fn. 1.) Because Abarca does not make any such argument, we do not explore the bounds of that comment
 

 *
 

 See footnote 1,
 
 ante,
 
 page 1347.