[No. D023238. Fourth Dist., Div. One. Apr. 17, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID LEWIS, Defendant and Appellant.

## COUNSEL

Shawn O'Laughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont, and Janelle B. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HALLER, J.**—Police officers arrested defendant David Lewis after he sold .08 grams of cocaine to an undercover police officer. A jury found Lewis guilty of selling cocaine base and possessing cocaine. (Health & Saf. Code, §§ 11352, subd. (a), 11350, subd. (a).) The court found true two prior serious felony convictions under California's three strikes law. (Pen. Code,[1] § 667, subds. (b)-(i).) The second strike finding was based on Lewis's 1967 Louisiana conviction for attempted aggravated escape. The court sentenced Lewis to prison for 25 years to life for the cocaine sale conviction and stayed sentence on the cocaine possession offense.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

Lewis appeals, challenging the court's finding as to the second strike and raising various challenges to the imposition of the three strikes law. We conclude the court prejudicially erred in relying on inadmissible evidence to reach its finding on the second strike. Accordingly, we reverse the finding on the second strike. We affirm the judgment in all other respects.

DISCUSSION[2]

## I. Admissibility of Evidence to Support Second Strike

The three strikes law imposes additional penalties for a current felony conviction if a prosecutor pleads and proves the defendant has "two or more prior felony convictions as defined in [section 667,] subdivision (d) . . . ." (§ 667, subd. (e)(2)(A).) Section 667, subdivision (d)(2) defines a prior felony conviction to include "a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in . . . subdivision (c) of Section 1192.7."[3]

### A. Evidence of Second Strike

With respect to the second strike, the trial court found Lewis had been convicted of a 1967 attempted aggravated escape in Louisiana and the conviction included all of the elements of two section 1192.7(c) serious felonies: (1) "assault by a life prisoner on a noninmate" (§ 1192.7(c)(12)) and (2) "assault with a deadly weapon by an inmate" (§ 1192.7(c)(13)). Section 1192.7(c)(12) is based on section 4500 before its amendment in 1977.[4] (See *People* v. *Reed* (1995) 33 Cal.App.4th 1608, 1611, fn. 3 [40 Cal.Rptr.2d 47]; *People* v. *Jackson* (1985) 37 Cal.3d 826, 832, fn. 7 [210 Cal.Rptr. 623, 694 P.2d 736], overruled on other grounds in *People* v. *Guerrero* (1988) 44 Cal.3d 343, 348 [243 Cal.Rptr. 688, 748 P.2d 1150].) ■ Section 1192.7(c)(13) reflects a section 245, subdivision (a)(1)[5] assault committed by an inmate. A defendant is guilty of both forms of assault if he aids and abets the commission of the assault by the life prisoner/inmate. (See

---

[2]The current cocaine offenses occurred on November 3, 1994. Because the only issues on appeal concern Lewis's prior convictions, we omit a recitation of the facts underlying these offenses.

[3]For ease of reference, we will refer to section 1192.7, subdivision (c) as section 1192.7(c).

[4]Before 1977, section 4500 read in relevant part: "Every person undergoing a life sentence in a state prison of this state, who, with malice aforethought, commits an assault upon the person of another, other than another inmate, with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury is punishable . . . ." (Stats. 1973, ch. 719, § 13, p. 1301.)

[5]Section 245, subdivision (a)(1) provides: "Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished . . . ."

*People* v. *Williams* (1990) 222 Cal.App.3d 911, 914 [272 Cal.Rptr. 212]; *In re De La Roi* (1946) 28 Cal.2d 264, 274 [169 P.2d 363]; see also *People* v. *Equarte* (1986) 42 Cal.3d 456, 465 [229 Cal.Rptr. 116, 722 P.2d 890].)

To establish the second strike, the prosecutor proffered documents showing that on September 28, 1967, Lewis was convicted of "attempted aggravated escape" in Louisiana.[6] Recognizing the statutory elements of this escape offense[7] did not establish all of the elements of an assault under section 1192.7(c)(12) or (13), the prosecution submitted documents from Lewis's Louisiana criminal court file and prison file in an attempt to establish that the prior Louisiana conviction contained the elements of these "serious felony" offenses. With respect to the nature of the escape offense, the documents consisted of the following:

1. A Louisiana charging document. The document, signed by an assistant district attorney, alleged: "[Lewis], and one Alvin Howard, each, [¶] . . . on [June 21, 1967], with force and arms in the Parish of Orleans aforesaid . . . did intentionally depart, under circumstances wherein human life was endangered, from the lawful custody of a deputy sheriff and from a place where he was lawfully detained by said deputy sheriff, to wit: the Orleans Parish Prison, . . ."

2. A document resembling a clerk's minutes dated September 28, 1967. A handwritten paragraph stated that Lewis "entered [a] plea of attempt[ed] aggravated escape" and "was then sentenced to serve 3 years in the [Louisiana] State Penitentiary[,] sentence[] to run consecutively with any other sentence imposed."

3. A document entitled "Information for Violation R.S. 14:109." (We will refer to this document as Exhibit A and have attached a copy of Exhibit A to this opinion.) The document was signed by a Louisiana criminal district court judge on November 20, 1967, two months *after* Lewis had pled guilty to the attempted escape charge and two months *after* Lewis had been sentenced for this crime. The document contained a paragraph as follows: "The facts disclose that the defendant [David Lewis], and one Alvin Howard, both confined to the same cell in the Orleans Parish Prison, pending appeals from a prior conviction and sentence. On June 21, 1967, at approximately 1:45 a.m., these two defendants escaped from the cell in which they

---

[6]Although the documents pertaining to the prior offense referred to Lewis as "David Lewis *Clark*," the prosecution's fingerprint expert established Lewis was the person identified as Clark.

[7]At the time, the Louisiana aggravated escape statute read: "Aggravated escape is the intentional departure of a person under circumstances wherein human life is endangered, from lawful custody of any officer or from any place where he is lawfully detained by any officer. . . ." (La. Rev. Stat. Ann. § 109 (West 1950).)

were confined and were in the adjoining hallway when Deputy Sheriff Norwood Spencer happened upon the scene. The defendant [Lewis], and Alvin Howard, struck Spencer several times with an iron bar, took cell block keys from his possession, and ran up several stairs with the full intent to escape from Parish Prison."

4. A document on "District Attorney" letterhead, dated June 23, 1967 (two days after Lewis's attempted escape) and signed by an assistant district attorney. (We will refer to this document as Exhibit B and have attached a copy of Exhibit B to this opinion.) The word "Accepted" is circled on the top of the document. The document, referring to both Lewis and codefendant Howard, contained a statement of "facts" as follows: "Committed Aggravated Escape From Deputy Sheriff Norwood Spencer By Striking Him With An Iron Bar & Beating Him With Fists."

5. Documents establishing that at the time of the attempted escape Lewis and Howard were life prisoners.

During the court trial on the priors, Lewis argued Exhibit A was inadmissible to prove the circumstances of the prior crime. The court rejected the argument, explaining the document was signed by a judge and it "appears from the [document's] content" that it was "required for [Louisiana court] cases." The court thereafter relied primarily on Exhibit A to reach its conclusion that in committing the attempted escape Lewis had committed the elements of an assault pursuant to section 1192.7(c)(12) and (13).

B. *Legal Analysis*

On appeal, Lewis challenges the admissibility of Exhibits A and B to prove he committed the elements of section 1192.7(c)(12) and (13) felonies. The argument has merit.

Our Supreme Court has held a trier of fact may go beyond the judgment to the entire record of the foreign conviction to determine the truth of a prior conviction allegation. (*People* v. *Myers* (1993) 5 Cal.4th 1193, 1201 [22 Cal.Rptr.2d 911, 858 P.2d 301]; see *People* v. *Guerrero, supra*, 44 Cal.3d 343 [applying same rule with respect to California prior convictions].) A court may not, however, consider (1) evidence outside the prior "record of the conviction" (*People* v. *Guerrero, supra*, 44 Cal.3d at p. 355) or (2) facts "precluded by the rules of evidence or other statutory limitation"

(*People* v. *Myers*, *supra*, 5 Cal.4th at p. 1201).[8] Lewis argues the challenged documents fail on both prongs.

### 1. Were Exhibits A and B Part of the "Record of Conviction"?

A trier of fact may not look outside a record of conviction in determining the truth of a prior conviction allegation. (*People* v. *Guerrero*, *supra*, 44 Cal.3d at p. 355; see also *People* v. *Matthews* (1991) 229 Cal.App.3d 930, 940 [280 Cal.Rptr. 134].) While the Supreme Court has not yet defined the meaning of a "record of conviction," the court recently clarified that a trier of fact is entitled to "consider the *entire* record of the [criminal] proceedings *leading to imposition of judgment on the prior conviction . . . .*" (*People* v. *Myers*, *supra*, 5 Cal.4th at p. 1195, italics added.) Consistent with this statement, a Court of Appeal has defined " 'the record of the prior conviction' " to mean "all items that could have been used on appeal of that prior conviction, specifically, any items considered a normal part of the record under California Rules of Court, rule 33 or by which it could be augmented pursuant to California Rules of Court, rule 12." (*People* v. *Abarca* (1991) 233 Cal.App.3d 1347, 1350 [285 Cal.Rptr. 213]; see also *People* v. *Castellanos* (1990) 219 Cal.App.3d 1163, 1172 [269 Cal.Rptr. 93] [a record of conviction "includes all relevant documents in the court file of the prior conviction"].) Applying this definition, *Abarca* held a reporter's transcript of a plea in the defendant's previous conviction was within the record of conviction.

*People* v. *Rhoden* (1989) 216 Cal.App.3d 1242 [265 Cal.Rptr. 355] also addressed the issue of which documents comprise a "record of conviction." In that case, the trial court relied on a Florida "Department of Corrections uniform commitment to custody form" to conclude there was a sufficient basis to find the foreign conviction constituted a "serious felony." (*Id.* at p. 1257.) *Rhoden* held the trial court erred in relying on the document because it was not part of the "record of conviction." The court explained "[w]e view the document as an intake and classification report used by the prison system for administration purposes. The record does not reveal any other use for it,

---

[8]The California Supreme Court has thus far declined to address the scope of these limitations or set forth rules for determining which documents may be considered in proving prior conviction allegations. (See *People* v. *Myers*, *supra*, 5 Cal.4th at p. 1196 fn. 2; *People* v. *Guerrero*, *supra*, 44 Cal.3d at p. 356.) We note that the California Supreme Court has recently granted review in a number of cases raising these issues. (See *People* v. *Reed* (Cal.App.); *People* v. *Stephens* (Cal.App.); *People* v. *Vindiola* (Cal.App.); *People* v. *Isais* (Cal.App.).)*

*Reporter's Note: *People* v. *Reed* (S046378), for Supreme Court opinion see 13 Cal.4th 217; *People* v. *Stephens* (G015348), review granted July 20, 1995, and on July 11, 1996, review dismissed and cause remanded to Court of Appeal, Fourth Appellate District, Division Three; *People* v. *Vindiola* (F020792), review granted November 30, 1995, and on July 11, 1996, review dismissed and cause remanded to Court of Appeal, Fifth Appellate District; *People* v. *Isais* (H013166), review granted February 22, 1996, and on July 11, 1996, review dismissed and cause remanded to Court of Appeal, Sixth Appellate District.

save postconviction, and nothing suggests it was a factor in [defendant's] conviction or sentencing." *(Ibid.)*

▇▇▇ Applying these principles, we conclude Exhibit B was a part of Lewis's prior record of conviction. The document is dated June 23, 1967, two days after Lewis's attempted escape, and appears to be a district attorney arraignment or bail form submitted to the court at the beginning of Lewis's case. Exhibit B is thus a "relevant document" contained in Lewis's criminal court file. (See *People* v. *Castellanos, supra,* 219 Cal.App.3d at p. 1172.) Further, it is a document "leading to imposition of judgment" (*People* v. *Myers, supra,* 5 Cal.4th at p. 1195) and would have been a proper part of a record on appeal. (See *People* v. *Abarca, supra,* 233 Cal.App.3d at p. 1350.)

Exhibit A, however, is dated almost two months *after* Lewis's plea *and* sentencing. Based on our analysis of *Myers, Abarca,* and *Rhoden,* documents prepared *after* conviction and sentencing are not part of the "record of conviction." A document prepared after judgment, by definition, is not part of the record "*leading* to imposition of judgment." (*People* v. *Myers, supra,* 5 Cal.4th at p. 1195, italics added.) Likewise, such document is not generally considered a proper part of the record on appeal. (See *People* v. *Pearson* (1969) 70 Cal.2d 218, 221, fn. 1 [74 Cal.Rptr. 281, 449 P.2d 217]; *People* v. *Agnew* (1940) 16 Cal.2d 655, 660 [107 P.2d 601], *People* v. *Acuff* (1949) 94 Cal.App.2d 551, 557 [211 P.2d 17].) Moreover, unlike Exhibit B, Exhibit A was not contained in Lewis's criminal court file; instead it was part of Lewis's prison file. As in *Rhoden,* Exhibit A appears, at most, to be in the nature of a prison information form. Because Exhibit A was not part of the record *leading to the imposition of judgment,* the court erred in relying on it. (*People* v. *Myers, supra,* 5 Cal.4th at p. 1195.)[9]

### 2. *Was the Information in Exhibits A and B Inadmissible Hearsay?*

▇▇▇ A document is admissible to prove a prior conviction only if the facts asserted are admissible under the rules of evidence, including hearsay rules. (See *People* v. *Myers, supra,* 5 Cal.4th at p. 1201; *People* v. *Abarca,*

[9]We are unaware of any reported California decision holding a postjudgment document is part of the "record of proceedings" for purpose of proving a prior conviction. *People* v. *Johnson* (1989) 208 Cal.App.3d 19 [256 Cal.Rptr. 16] is the only decision which arguably sanctions the use of such documents. However, in that case the court held a prior section 1203.01 statement was admissible to prove the elements of a prior California conviction without providing any analysis or specifically addressing the issue whether such document was part of the record of the proceedings. Moreover, even if *Johnson*'s conclusion is correct, there is no showing in the record that Exhibit A is equivalent to a California section 1203.01 document.

*supra*, 233 Cal.App.3d at p. 1350; *People* v. *Goodner* (1992) 7 Cal.App.4th 1324, 1330 [9 Cal.Rptr.2d 543]; see also *People* v. *Castellanos, supra*, 219 Cal.App.3d at pp. 1172-1174.)[10] Thus, the courts have recognized that a defendant's admissions in a court document are admissible because the defendant's statements fall within a hearsay exception. (See *People* v. *Garcia* (1989) 216 Cal.App.3d 233, 237 [264 Cal.Rptr. 662]; see also *People* v. *Goodner, supra*, 7 Cal.App.4th at p. 1328; *People* v. *Abarca, supra*, 233 Cal.App.3d at pp. 1350-1351.) In *Garcia*, this court upheld the admissibility of a defendant's statements contained in a probation report to establish that a prior conviction constituted a serious felony. (*People* v. *Garcia, supra*, 216 Cal.App.3d at pp. 236-237.) We reasoned that although probation reports often contain hearsay matter, "[i]f a defendant contends the hearsay information is unfair or untrue he is given an opportunity to refute it." (*Id.* at p. 237.) We further emphasized that the trial court relied only on statements made *by* the defendant *to* the probation officer. Therefore such statements fell within a hearsay exception. (*Ibid.*; see Evid. Code, § 1220.)

By comparison, statements in a prior probation report made by persons other than the defendant have been held inadmissible. (*People* v. *Williams* (1990) 222 Cal.App.3d 911 [272 Cal.Rptr. 212].) In *Williams*, the trial court found the elements of a prior felony, based on a prior probation report containing the probation officer's description of the defendant's conduct. (*Id.* at p. 915.) The probation officer's description was based on sheriff's reports prepared by investigating officers who had spoken with the victim. (*Ibid.*) *Williams* held the probation report was not admissible, explaining, "The use of a multiple hearsay statement attributed to the victim in the probation report at bar went far beyond the holding of *Garcia*. . . . [The defendant] was given no chance to cross-examine the probation officer, the sheriff who purportedly recited what the victim had said, or the victim himself. . . . Unlike *Garcia*, the defendant was not afforded adequate protection from the dangers of out-of-court statements. Because it constituted triple hearsay and defendant had no opportunity to cross-examine the hearsay declarants, we hold that the probation report statement was far too unreliable to be used to prove the enhancement. A five-year consecutive prison sentence cannot, consistent with due process and a defendant's constitutional right to confront witnesses, be predicated on such untrustworthy evidence." (*Id.* at pp. 917-918.)

While Exhibits A and B appear to be public records, the asserted facts of Lewis's crime contained in the documents are hearsay and there is

---

[10]In *Castellanos*, we held a preliminary hearing transcript was admissible as a hearsay exception in the context of proving prior convictions even though the statutory unavailability requirement was not met. (*People* v. *Castellanos, supra*, 219 Cal.App.3d at pp. 1173-1174.) In so concluding, we emphasized the fact that at the prior preliminary hearing the defendant had the opportunity to cross-examine the witnesses to test their credibility.

no applicable exception. With respect to Exhibit A, there is no information in the record as to who prepared the document, the basis for the information asserted, the purpose for which the document was prepared or used, the role of such document in the Louisiana court system, or the identity of those who were permitted to review the document. Further, there are no facts showing Lewis or his counsel was even aware of the document. Although Exhibit A is signed by a judge, there is no indication that this was the same judge who presided when Lewis entered his guilty plea or at the sentencing hearing.

Exhibit B likewise contains no information establishing the facts asserted were trustworthy or reliable. The document is signed only by an assistant district attorney and there is no information as to the basis for the information asserted. The document, prepared shortly after Lewis committed the escape crime, appears to be a district attorney arraignment or bail form. Thus, Exhibit B, by its nature, reflects only the district attorney's preliminary understanding of what occurred during the attempted escape. Given such circumstances, the document's existence in the court file cannot in and of itself establish the particular facts asserted are a reliable reflection of the circumstances surrounding the crime.

Unlike *Garcia*, the factual statements contained in Exhibits A and B do not fall within a specific hearsay exception. Moreover, unlike *Castellanos* wherein this court upheld the use of a prior preliminary hearing transcript (see fn. 10 *ante*), there is no assurance that Lewis had the opportunity to refute the statements, cross-examine the witnesses involved, or present rebuttal evidence.

The Attorney General argues the trial court was entitled to rely on Exhibits A and B "because certified court documents from foreign jurisdictions are the exclusive means of proof of both the existence and nature of a prior conviction allegation." In essence, the Attorney General is suggesting trial courts may consider all information sent to the prosecutor's office from the foreign jurisdiction, regardless of the hearsay character of the information or the extent to which the document related to the proceedings leading to judgment. This position is inconsistent with California Supreme Court authority (see *People* v. *Myers*, *supra*, 5 Cal.4th at p. 1201) and does not comport with fundamental due process considerations.

The Attorney General alternatively attempts to justify the court's finding by asserting that Exhibits A and B were "but a small portion of the documents considered by the trial court to determine the truth of the allegation." However, the only other documents pertaining to the nature of Lewis's crime were the charging document and the clerk's minutes, reflecting that Lewis pled guilty to an attempted aggravated escape.

Lewis concedes these documents were admissible. (See *People* v. *Smith* (1988) 206 Cal.App.3d 340, 345 [253 Cal.Rptr. 522].) The documents, however, do not establish that in committing the "attempted aggravated escape," Lewis committed, or aided and abetted, an assault within the meaning of section 1192.7(c)(12) or (13). The charging document alleged that Lewis and Alvin Howard each "with force and arms . . . intentionally depart[ed], under circumstances wherein human life was endangered, from the lawful custody of a deputy sheriff . . . ." Lewis pled guilty to this charge. While we are required to assume the asserted facts were therefore true, the allegations did not assert that Lewis either attacked the guard or assisted an attack on the guard. Indeed, there is no allegation that an assault of any kind occurred. From Lewis's guilty plea, we know only that Lewis admitted he attempted to depart "under circumstances wherein human life was endangered . . . ." Lewis's plea is therefore insufficient to establish the prior offense constituted an assault within the meaning of section 1192.7(c)(12) or (13).

We conclude Exhibit A was not a part of the prior record of conviction. Further, there was no hearsay exception applicable to the information asserted in Exhibit A or B and the documents were devoid of sufficient indicia of reliability with respect to the asserted circumstances surrounding Lewis's crime. Accordingly, the documents were inadmissible. Because the remaining information was insufficient to prove Lewis committed the specified assaults, the second strike finding is not supported by substantial evidence. Thus, the second strike finding must be reversed.

## II.  *Additional Arguments*

Our conclusion that the second strike finding must be reversed renders it unnecessary to reach Lewis's additional challenges to the court's finding on the second strike. We likewise do not address Lewis's constitutional arguments challenging the imposition of a 25-year-to-life sentence because those arguments are now moot.

## DISPOSITION

We reverse the finding on the second strike. We vacate the sentence and remand the matter for resentencing. In all other respects, the judgment is affirmed.

Work, Acting P. J., and Huffman, J., concurred.

APPENDIX

Exhibit A

STATE OF LOUISIANA                    CRIMINAL DISTRICT COURT

VS.                                   PARISH OF ORLEANS

DAVID LEWIS CLARK                     NO. 199-780, SECTION "G"

### INFORMATION FOR VIOLATION R.S. 14:109

The defendant, David Lewis Clark, was charged in a bill of information with violation R.S. 14:109 in that on June 21, 1967, he committed an aggravated escape from the Orleans Parish Prison, while confined to the Parish Prison as an inmate pending appeal from a prior sentence. When the matter was called for arraignment the defendant appeared in court and entered a plea of not guilty. The defendant was represented by Alcide Weysham, Esquire. On September 28, 1967, when the matter was called to trial, defendant, through his attorney of record, requested that his former plea of not guilty be withdrawn and requested that a plea of guilty to R.S. 14:27(109) be entered.

### STATEMENT OF FACTS

The facts disclose that the defendant, David Lewis Clark, and one Alvin Howard, both confined to the same call in the Orleans Parish Prison, pending appeals from a prior conviction and sentence. On June 21, 1967, at approximately 1:45 A.M., these two defendants escaped from the cell in which they were confined and were in the adjoining hallway when Deputy Sheriff Norwood Spencer happened upon the scene. The defendant, David Lewis Clark, and Alvin Howard, struck Spencer several times with an iron bar,took cell block keys from his possession, and ran up several stairs with the full intent to escape from Parish Prison.

### SENTENCE

On September 28, 1967, when the matter was called for trial, the defendant appeared in Section "G" of Criminal District Court and through his attorney of record, requested that his former plea of not guilty be withdrawn and a plea of guilty to attempted aggravated escape be entered. His plea was accepted by the State. The Court sentenced the defendant to serve three (3) years at hard labor in Louisiana State Penitentiary, his sentence to

run consecutively with any other sentences imposed. The defendant's age was judicially determined to be twenty-one (21) years, and his date of birth March 10, 1946.

*Clerk's Office 11/22/ 1967*
      *A TRUE COPY,*
/s/_____, *Deputy Clerk,*
      *Criminal District Court*
          *Parish of Orleans*

New Orleans, Louisiana, this __20__ day of __Nov__, 1967.

/s/_____
HONORABLE FRANK J. SHEA
JUDGE, SECTION "G"
CRIMINAL DISTRICT COURT

/s/_____
JACK R. VICTOR
Assistant District Attorney
Section "G"

*Clerk's Office  11/22/  19 67*
      *A TRUE COPY,*
/s/_____, *Deputy Clerk,*
      *Criminal District Court*
          *Parish of Orleans*

EXHIBIT B

DISTRICT ATTORNEY
PARISH OF ORLEANS
2700 Tulane Avenue
NEW ORLEANS    70119    #199-780

D.A. NO.                          Parish Prison

DATE 6/23/67    ITEM NO. _____    DIST. P.P.

ACCEPTED        REFUSED        OTHER

STATE OF LOUISIANA VS:    LOCATION:    BOND SUGGESTED

1) David Lewis Clark c/m 21                    $2,500
   9024 Olive St.                B/I No. —

2) Alvin Howard c/m 24                         $2,500
   1101 N. Villere               B/I No. —

3) _____    B/I No.

FACTS: Committed Aggravated Escape From Deputy Sheriff
Norwood Spencer By Striking Him With An Iron Bar
Beating Him With Fists.

DATE OF OFFENSE: 6/21/67    CHARGE: 14:109

OTHER REMARKS: _____

ARREST NO. Parish Prison    COMMITTING MAG'STRATE NO.

No. B  14539                        ASSISTANT DISTRICT ATTORNEY