[No. F025304. Fifth Dist. July 8, 1997.*]

THE PEOPLE, Plaintiff and Respondent, v.
DON VICTOR HARBOLT, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

*Review granted October 15, 1997. Opinion ordered partially published February 11, 1998.
†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, III, IV and V.

**COUNSEL**

Linda J. Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, and Edgar A. Kerry, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**BUCKLEY, J.—**

### PROCEDURAL HISTORY

On September 8, 1995, a three-count information was filed charging defendant with violation of Penal Code[1] sections 475 and 4573.6 (counts 1 and 2), and violation of Vehicle Code section 10851, subdivision (a) (count

---

[1]All statutory references are to the Penal Code unless otherwise noted.

3).[2] It was further alleged in connection with each count that in 1973 defendant had suffered a prior conviction within the meaning of section 667 (the Three Strikes law) for violation of 18 United States Code Annotated sections 371, 2113(a) and (d), and 2. It was also alleged that he had suffered five prior convictions within the meaning of section 667.5, subdivision (b): two convictions in the State of Texas for second degree burglary; a 1986 conviction for violation of sections 476/487, former subdivision 3; a 1990 conviction for violation of section 496, former subdivision 1; and a 1993 conviction for violation of Vehicle Code section 2800.2.

Following jury trial, guilty verdicts were returned on count 1 and on a lesser but necessarily included offense to count 3, misdemeanor violation of section 499; defendant was acquitted of counts 2 and 3.

Having bifurcated and waived jury trial of the prior conviction allegations, court trial thereon was held December 15, 1995. The section 667 allegation and three of the section 667.5, subdivision (b) allegations were found to be true.

On January 17, 1996, defendant was sentenced to a total term of nine years' imprisonment: a three-year term for count 1, doubled pursuant to section 667, with an additional one-year term for each of the three section 667.5 enhancements. He was also sentenced to a concurrent 90-day term for the misdemeanor conviction. Conduct and custody credits totaling 188 days were awarded.

## DISCUSSION

### I. *Sufficiency of the evidence—section 667 allegation*

Section 667, subdivision (a)(1) provides for enhanced punishment if any person is convicted of a serious felony who previously has been convicted of a serious felony. To prove that defendant had previously been convicted of aiding and abetting a bank robbery, a serious felony, and was therefore subject to increased punishment pursuant to section 667, the People offered two exhibits. The first, People's exhibit No. 21, is a letter purportedly written by defendant to Judge Chapin of the Kern County Superior Court. Defendant wrote, "the strike prior alleged is for aiding and abetting, as is confirmed at the reported case. See *United States* v. *Harbolt*, (5th Cir., 1970) 491 F.2d 71 [*sic*]." The second, People's exhibit No. 22, is a copy of an opinion of the United States Court of Appeals, Fifth Circuit, entitled *United*

---

[2]Because the issues on appeal relate exclusively to sentencing, the factual circumstances surrounding the instant offenses need not be set forth.

*States* v. *Harbolt* (5th Cir. 1974) 491 F.2d 78. This opinion states, in relevant part: "In a jury trial Harbolt was found guilty of conspiracy to rob a bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C.A. § 371 (Count 1); of aiding and abetting bank robbery by force, violence and intimidation in violation of 18 U.S.C.A. § 2113(a) and 18 U.S.C.A. § 2 (Count 2); and of aiding and abetting the robbery of a bank by use of force and at gunpoint in violation of 18 U.S.C.A. § 2113(d) and 18 U.S.C.A. § 2 (Count 3). We affirm." (491 F.2d at p. 79, fn. omitted.) The People asked the trial court to take judicial notice of this opinion pursuant to Evidence Code section 452, subdivision (d). Defendant objected to its admission "on hearsay grounds."[3] The court overruled the objection, stating, "as to the opinion now marked People's 22, I will take judicial notice of the charges alleged and the fact that that conviction was affirmed. [¶] I am not taking judicial notice of representations of fact made in that opinion because I don't think I can."

■ Defendant contends these two exhibits are insufficient to prove defendant suffered the 1973 federal convictions. This argument is premised on the assertion that admission of the appellate opinion was erroneous because it was prepared after judgment and is therefore not part of the prior record of conviction. As the underlying premise is legally unsound, the argument falls.

To determine if a prior conviction constitutes a qualifying strike for purposes of the Three Strikes law, the trial court may look to the entire record of conviction but no further. This rule, founded on the Supreme Court's decision in *People* v. *Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150], applies equally to prior convictions suffered in other jurisdictions. "[T]he trier of fact [can] consider any evidence in the record of the foreign conviction 'if not precluded by the rules of evidence or other statutory limitation.' " (*People* v. *Reed* (1996) 13 Cal.4th 217, 223, fn. 2 [52 Cal.Rptr.2d 106, 914 P.2d 184].)

Evidence Code section 452, subdivision (d) provides, in relevant part, that judicial notice may be taken of the records of "any court of record of the United States or of any state of the United States." Evidence Code section 453 requires the trial court to "take judicial notice of any matter specified in Section 452 if a party requests it and" has given the adverse party sufficient notice and furnishes the court with sufficient information to enable it to take judicial notice of the matter. Evidence Code sections 452 and 453 permit the trial court to "take judicial notice of the *existence* of judicial opinions and

---

[3]Defendant wisely did not reassert this objection on appeal. The opinion is within an exception to the hearsay rule for official records. (Evid. Code, § 1280.)

court documents, along with the truth of the results reached—in the documents such as orders, statements of decision, and judgments—but cannot take judicial notice of the truth of hearsay statements in decisions or court files, including pleadings, affidavits, testimony, or statements of fact." (*Williams* v. *Wraxall* (1995) 33 Cal.App.4th 120, 130, fn. 7 [39 Cal.Rptr.2d 658]; *Gilmore* v. *Superior Court* (1991) 230 Cal.App.3d 416, 418 [281 Cal.Rptr. 343].) Thus, in *People* v. *Padilla* (1995) 11 Cal.4th 891, 961, footnote 6 [47 Cal.Rptr.2d 426, 906 P.2d 388], our Supreme Court took judicial notice of an unpublished opinion of this very court, *People* v. *Prado* (Feb. 1, 1994) F016385, to show that a codefendant had been convicted of murder, conspiracy to commit murder and solicitation to commit murder.

Defendant impliedly argues that the Supreme Court's statement in *People* v. *Myers* (1993) 5 Cal.4th 1193, 1195 [22 Cal.Rptr.2d 911, 858 P.2d 301], ". . . the trier of fact may consider the entire record of the proceedings leading to imposition of judgment," limits the admissible record to events *prior* to judgment. We do not construe the court's statement in the same manner. As is noted later in *Myers*, at page 1200, the purpose behind limiting the admissible record is to bar the prosecution from relitigating the circumstances of a crime committed years ago and thereby threatening defendant with harm akin to double jeopardy. We see nothing in the phrase "leading to imposition of judgment" which precludes noticing an appellate affirmation of that same conviction. The veracity of the information in the appeal is self-evident and, as a matter of law, the information contained therein is limited to events leading to conviction and sentencing. (See, e.g., Cal. Rules of Court, rule 183.)

Defendant offers, and this court has found, no authority directly or indirectly holding that an appellate opinion affirming a conviction is not part of the "record of conviction." Authorities cited by defendant in support of its argument are not analogous. *People* v. *Rhoden* (1989) 216 Cal.App.3d 1242, 1257 [265 Cal.Rptr. 355], concerns admission of a document prepared by the Florida Department of Corrections, not a court of the United States. *People* v. *Lewis* (1996) 44 Cal.App.4th 845, 853-855 [52 Cal.Rptr.2d 338], addresses the propriety of relying on facts set forth in a charging document to prove the circumstances of the prior crime.

Moreover, the argument itself defies common sense, elevating form over substance. In holding that the trier of fact may not look beyond the record of conviction, the high court did not intend to create arbitrary and artificial barriers to proving the existence of the prior conviction. Rather, it merely intended to prevent the People from introducing new evidence outside the record of the prior proceedings. (*People* v. *Reed, supra,* 13 Cal.4th at p. 226.)

Noticing the appellate opinion for the limited purpose of proving the existence of the 1973 convictions certainly does not require consideration of facts beyond those necessarily adjudicated in the prior proceedings. (*People* v. *Guerrero*, *supra*, 44 Cal.3d at p. 355.) Indeed, adoption of defendant's argument would actually frustrate another stated purpose of the holding which is to "promote[] the efficient administration of justice." (*Ibid.*) Thus, admission of the opinion is not precluded by *Guerrero* and its progeny.

Following *People* v. *Padilla*, *supra*, 11 Cal.4th at page 961, footnote 6, we conclude that the court properly took judicial notice pursuant to Evidence Code section 452, subdivision (d) of the opinion entitled *United States* v. *Harbolt*, *supra*, 491 F.2d 78, as proof of the fact defendant had suffered the 1973 federal convictions and that these convictions had been affirmed on appeal. This opinion constitutes substantial evidence in support of the court's true finding on the section 667 enhancement.

II.-V.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The case is remanded to allow the trial court to exercise its discretion under *People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]. In all other respects, the judgment is affirmed.

Dibiaso, Acting P. J., and Thaxter, J., concurred.

On April 15, 1998, review dismissed and cause remanded to the Court of Appeal, Fifth Appellate District. The Court of Appeal opinion is to remain published.

---

*See footnote, *ante,* page 123.