Filed 7/9/24  P. v. Juarez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RUBEN ENRIQUE JUAREZ,<br><br>Defendant and Appellant. | F086539<br><br>(Super. Ct. No. VCF215902C)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Hill, P. J., Detjen, J. and Smith, J.

In 2023, defendant Ruben Enrique Juarez filed a petition for resentencing pursuant to Penal Code[1] section 1172.6. The trial court denied the petition on the basis defendant failed to establish a prima facie claim for relief. On appeal, defendant challenges the denial. For the reasons set forth below, we affirm the trial court's order.

## BACKGROUND

In 2013, a jury convicted defendant of first degree murder (§ 187, subd. (a)) and found true the allegations he committed the murder while he was engaged in the victim's kidnapping (§ 190.2, subd. (a)(17)); intentionally tortured the victim (§ 190.2, subd. (a)(18)); and intentionally killed the victim while he was an active participant in a criminal street gang (§ 190.2, subd. (a)(22)). On appeal, this court vacated the torture-murder and gang-murder special circumstances. (*People v. Navarro et al.* (Jan. 13, 2017, F068452) [nonpub. opn.].)

On October 9, 2020, defendant filed a petition for resentencing pursuant to former section 1170.95 (now 1172.6). In a ruling filed December 7, 2020, the trial court denied the petition "for failure to state a prima facie case for relief." Specifically, the court concluded "the jury's verdict necessarily included a finding that [defendant] acted with the intent to kill," among other things.

On April 25, 2023, defendant filed another resentencing petition. He marked the following checkboxes:

> "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [Citation.]

---

[1] Subsequent statutory citations refer to the Penal Code.

2.

"2.     I was convicted of **murder**, **attempted murder**, or **manslaughter** following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.]

"3.     I could not presently be convicted of murder or attempted murder because of changes made to . . . §§ 188 and 189, effective January 1, 2019. [Citation.]"

Shortly thereafter, per defendant's request, the trial court appointed counsel to represent him.

In their opposition, the People argued defendant was ineligible for relief pursuant to section 1172.6 because "he harbored intent to kill." They contended the jury's true finding of the kidnapping-murder special circumstance "conclusively proves that . . . defendant acted with intent to kill." (Boldface, underlining & capitalization omitted.)

On June 8, 2023, following a hearing, the trial court denied defendant's petition "for the same reasons set forth in [the] December 7th, 2020, ruling," i.e., the jury's true finding of "the special circumstance that the murder was committed in the course of a kidnapping" "means the jury necessarily found that the defendant intended that the victim be killed."

## DISCUSSION

### I.     Legal overview

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 [(2017–2018 Reg. Sess.)] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*), quoting Stats. 2018, ch. 1015, § 1, subd. (f).) "Through the passage of Senate Bill [No.] 1437 [(2017–2018 Reg. Sess.)] the Legislature effectively eliminated the natural and probable consequences doctrine as it relates to murder convictions, and reduced the scope of the felony-murder

3.

rule." (*People v. Prado* (2020) 49 Cal.App.5th 480, 487.) "To effectuate these changes, the Legislature amended sections 188 and 189 . . . ." (*Ibid.*; see §§ 188, subd. (a)(3) ["Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."]; 189, subd. (e) ["A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."].) Senate Bill No. 1437 (2017–2018 Reg. Sess.) also "added [former] section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, *supra*, at p. 959.)

"In 2021, the Legislature passed Senate Bill No. 775 (2021–2022 Reg[.] Sess.) . . . , amending former section 1170.95 effective January 1, 2022. In addition to providing relief for those convicted of felony murder or [murder] under the natural and probable consequences doctrine, the amended statute extended relief to defendants convicted under any 'other theory under which malice is imputed to a person based solely on that person's participation in a crime.' [Citations.] The amended statute also expanded the categories of offenses eligible for relief to include attempted murder and manslaughter as well as murder. [Citation.]" (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1173–1174 (*Lee*).)

"Effective June 30, 2022, the Legislature renumbered [former] section 1170.95 to section 1172.6 with no change in text." (*People v. Gonzalez* (2023) 87 Cal.App.5th 869, 871, fn. 1, citing Stats. 2022, ch. 58, § 10; accord, *People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.)

A petitioner is entitled to relief under section 1172.6 if three conditions are satisfied:  (1) the prosecution "proceed[ed] under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[2]" (§ 1172.6, subd. (a)(1)); (2) "[t]he petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder" (*id.*, subd. (a)(2)); and (3) "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019" (*id.*, subd. (a)(3)). (Accord, *People v. Watson* (2021) 64 Cal.App.5th 474, 482 [former § 1170.95].)

"After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).)  "If a petitioner makes a prima facie showing of relief under section 1172.6—that is, a showing that the petitioner was convicted of murder, attempted murder, or manslaughter under a theory no longer valid under the amended Penal Code—the resentencing court must issue an order to show cause for an evidentiary hearing." (*Lee*, *supra*, 95 Cal.App.5th at p. 1174; accord, § 1172.6, subds. (c)–(d).)  At the evidentiary hearing, "the prosecution must prove beyond a reasonable doubt that the petitioner

_____

[2] Attempted felony murder does not exist in California.  (*People v. Billa* (2003) 31 Cal.4th 1064, 1071, fn. 4; *People v. Brito* (1991) 232 Cal.App.3d 316, 321.)

5.

remains guilty of murder or attempted murder despite the amendments to sections 188 and 189." (*Lee*, *supra*, at p. 1174.)

"[T]he prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. . . ." ' [Citation.]" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Ibid.*; see *People v. Abarca* (1991) 233 Cal.App.3d 1347, 1349–1350 ["record of conviction" encompasses change-of-plea forms, minute orders reflecting no contest pleas, and transcripts of change-of-plea proceedings].) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Lewis*, *supra*, at p. 972; see *People v. Davenport* (2021) 71 Cal.App.5th 476, 481 ["The court's authority to summarily deny a petition is thus limited to 'readily ascertainable facts' taken from the record of conviction . . . ."].) Moreover, " '[a] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.]" (*Lewis*, *supra*, at p. 971.) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citation.]" (*Ibid.*) "The contents of the record of conviction defeat a prima facie showing when the record shows as a matter of law that the petitioner is not eligible for relief." (*People v. Swanson* (2020) 57 Cal.App.5th 604, 612.)[3]

---

[3] The Attorney General filed a "MOTION TO INCORPORATE BY REFERENCE THE RECORD IN RELATED APPEAL" (boldface omitted), asking us to "incorporate by reference the record on appeal in *People v. Navarro et al.*, case number F068452,

6.

## II.    Analysis

Defendant contends the trial court erroneously denied his petition based on the jury's true finding of the kidnapping-murder special circumstance. We disagree. As mentioned, " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citation.]" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The record demonstrates the court instructed the jury as follows:

> "[CALCRIM No. 702:] If you decide that a defendant is guilty of first degree murder but was not the actual killer, then, when you consider the special circumstances of kidnapping, torture, or active participation in a criminal street gang, you must also decide wither [*sic*] the defendant acted with the intent to kill.

> "In order to prove these special circumstances for a defendant who is not the actual killer but who is guilty of first degree murder as an aider and abettor, the People must prove that the defendant acted with the intent to kill.

> "If a defendant was not the actual killer, then the People have the burden of proving beyond a reasonable doubt that he acted with the intent to kill for the special circumstances of kidnapping, torture or active participation in a criminal street gang to be true. If the People have not met this burden, you must find these special circumstances have not been proved true for that defendant. [¶] . . . [¶]

> "[CALCRIM No. 731:] The defendants are charged with the special circumstance of intentional murder while engaged in the commission kidnapping in violation of . . . section 190.2(a)(17).

---

which is the record on direct appeal of [defendant]'s underlying murder conviction." We treated this request as a motion for judicial notice and deferred a ruling pending consideration of the appeal on its merits. On April 5, 2024, we granted defendant 15 days' leave to file an informal response to said motion and advised "[f]ailure to file an informal response may be deemed agreement [the Attorney General]'s request be granted." Defendant did not file a response.

Having considered the appeal on its merits and in light of defendant's failure to respond, we grant the Attorney General's motion.

"To prove that this special circumstance is true, the People must prove that:

"1.    The defendant committed kidnapping;

"2.    The defendant intended to commit kidnapping;

"3.    The defendant did an act that was a substantial factor in causing the death of another person;

"4.    The defendant intended that the other person be killed;

"AND

"5.    The act causing the death and the kidnapping were part of one continuous transaction.  [¶] . . . [¶]

"If all the listed elements are proved, you may find this special circumstance true even if the defendant intended solely to commit murder and the commission of kidnapping was merely part of or incidental to the commission of that murder."

As conveyed by these instructions, the "intent to kill kidnapping" special circumstance "requires intent to kill and cannot be proven by reckless indifference to human life by a major participant in the kidnapping." (*People v. Odom* (2016) 244 Cal.App.4th 237, 256–257.)  Since the jury found the allegation true, it "necessarily found that [defendant] acted with intent to kill" (*People v. Estrada* (2022) 77 Cal.App.5th 941, 946) and—at a minimum—aided and abetted the murder by intentionally kidnapping the victim (see *People v. Prieto* (2003) 30 Cal.4th 226, 252).  (See *People v. Fayed* (2020) 9 Cal.5th 147, 192 ["We presume the jury followed the trial court's instruction absent evidence to the contrary."].)  This directly controverts the assertion in defendant's petition he "could not presently be convicted of murder or attempted murder because of changes made to . . . §§ 188 and 189, effective January 1, 2019."  Therefore, the court correctly determined defendant failed to make a prima facie showing for relief.[4]

---

[4] Defendant cites *People v. Strong* (2022) 13 Cal.5th 698 as authority "directly on point" and "control[ling] the outcome of this case."  We disagree.  In the aforementioned case, the California Supreme Court held "a major participant finding [made before *People v. Banks* (2015) 61 Cal.4th 788] will not defeat an otherwise valid prima facie

## DISPOSITION

The June 8, 2023 order denying defendant's petition for resentencing pursuant to section 1172.6 is affirmed.

---

case" and "a reckless indifference to human life finding [made before *People v. Clark* (2016) 63 Cal.4th 522] will not defeat an otherwise valid prima facie case." (*People v. Strong*, *supra*, at p. 721.)  The instant case, however, does not rely upon either of these findings.