Filed 8/24/23  P. v. Ramirez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAIRO DARIO RAMIREZ,<br><br>    Defendant and Appellant. | F085380<br><br>(Super. Ct. No. 2066877)<br><br>**OPINION** |

### THE COURT<sup>*</sup>

APPEAL from a judgment of the Superior Court of Stanislaus County.  Carrie M. Stephens, Judge.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup>    Before Levy, Acting P. J., Detjen, J. and Snauffer, J.

Defendant Jairo Dario Ramirez appeals from a December 5, 2022 order of the Stanislaus County Superior Court denying his petition for resentencing under Penal Code[1] section 1172.6. Citing the "doctrine of absurd consequences," he contends "section 1172.6, subdivision (d)(3) should be construed as barring the prosecution from using a defendant's manslaughter plea against him at the evidentiary hearing." We reject Ramirez's argument and affirm the order.

## BACKGROUND

Ramirez and codefendant Timothy Fee were initially charged with the murder of David H. (§ 187, subd. (a)), which occurred during the perpetration of a robbery and/or kidnapping (§ 189, subd. (a)). The original information further alleged Ramirez (1) had been released on bail prior to a judgment becoming final on an earlier felony offense (§ 12022.1); and (2) served two prior separate prison terms (§ 667.5, former subd. (b)). Subsequently, in an amended information, Ramirez was charged with voluntary manslaughter (§ 192, subd. (a) [count I]) and robbery (§ 211 [count II]) and alleged to have been released on bail prior to a judgment becoming final on an earlier felony offense (§ 12022.1). He pled guilty to these counts and admitted the on-bail allegation. The trial court imposed 11 years (the upper term) on count I and one year (one-third the middle term) on count II plus two years for the on-bail enhancement.[2]

On January 13, 2022, Ramirez filed a petition for resentencing pursuant to former section 1170.95, which has since been renumbered section 1172.6. (See Stats. 2022, ch. 58, § 10.) He marked the following checkboxes:

---

[1] Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

[2] The record shows Ramirez also pled guilty to carrying a concealed dirk or dagger (§ 21310) and unlawful possession of a firearm by a convicted felon (§ 29800, subd. (a)(1)) in two other cases. In each of those case, he received an eight-month sentence.

"1.    A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [Citation.]

"2.    I was convicted of **murder**, **attempted murder**, or **manslaughter** following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.]

"3.    I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019.  [Citation.]"

The parties agreed Ramirez's petition set forth a prima facie case for relief and the trial court issued an order to show cause.

An evidentiary hearing commenced December 1, 2022, and lasted two days. Among other things, the trial court admitted into evidence the transcript of Ramirez's change-of-plea hearing.  The transcript recorded the following exchange:

"THE COURT:  . . . .  What's your plea . . . as charged in Count One of the first amended information, that on or about the 8th day of August, 2016, at and in the County of Stanislaus, State of California, and prior to the filing of the information, you did willfully, unlawfully, feloniously, and without malice kill David H[.], a human being, upon a sudden quarrel and heat of passion?  What's your plea to that charge?

"[RAMIREZ]:  Guilty."

Ultimately, the court denied appellant's petition, finding "beyond a reasonable doubt [Ramirez] would still be convicted of murder based on the facts under current law."  It relied—in part—on the change-of-plea hearing transcript:

"The charge alleged [Ramirez] willfully, unlawfully, feloniously and without malice killed David H[.] upon a sudden quarrel and heat of passion. [Ramirez] entered a guilty plea to this charge in a court of law before a superior court judge with counsel by his side.  [Ramirez] essentially admitted to being the actual killer.  When he was asked by the judicial officer who took his plea if he was pleading guilty because he was in fact

3.

guilty, he answered yes. [¶] So the admission is what the Court is considering . . . . It was [Ramirez]'s admission in court that he was guilty of manslaughter by being the actual killer in a sudden quarrel and heat of passion."[3]

## DISCUSSION

On appeal, Ramirez argues "the trial court erred by using [his] manslaughter plea against him at the section 1172.6, subdivision (d)(3) evidentiary hearing." (Boldface & capitalization omitted.) He acknowledges "the prosecution would seemingly be allowed to use a defendant's manslaughter plea against him at the evidentiary hearing" "under a literal reading of the statute." Nevertheless, Ramirez contends:

> "In enacting [Senate Bill No.] 775 [(2021-2022 Reg. Sess.)], the Legislature decided to extend the benefits of section 1172.6 to those defendants who were induced to pled [*sic*] guilty to manslaughter in order to avoid being prosecuted for murder under a now-abrogated theory of murder liability. Once a prima facie case has been made and the trial court has issued an order to show cause, for a defendant's manslaughter plea to then be turned around and used against him at a section 1172.6, subdivision (d)(3) evidentiary hearing would frustrate the Legislature's entire purpose of expanding section 1172.6 to include defendants who were induced into pleading guilty to manslaughter to avoid the potential of a now-invalid murder conviction. Therefore, to avoid an absurd consequence that the Legislature did not intend, [Ramirez]'s manslaughter plea should not have been used against him at the evidentiary hearing."

"The issue before us is, therefore, one of statutory interpretation. 'Questions of statutory interpretation . . . present questions of law, which we review de novo.' [Citation.]" (*California State University, Fresno Assn., Inc. v. County of Fresno* (2017) 9 Cal.App.5th 250, 265.)

## I. Section 1172.6 (former section 1170.95)

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 [(2017-2018 Reg. Sess.)] 'to amend the felony murder rule and the natural and probable

---

[3] The court added "there is plenty of evidence to corroborate [Ramirez]'s admission."

4.

consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959, quoting Stats. 2018, ch. 1015, § 1, subd. (f).) "Through the passage of Senate Bill [No.] 1437 the Legislature effectively eliminated the natural and probable consequences doctrine as it relates to murder convictions, and reduced the scope of the felony-murder rule." (*People v. Prado* (2020) 49 Cal.App.5th 480, 487.) "To effectuate these changes, the Legislature amended sections 188 and 189 . . . ." (*Ibid.*; see §§ 188, subd. (a)(3) ["Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."]; 189, subd. (e) ["A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."].) Senate Bill No. 1437 also "added [former] section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis*, *supra*, at p. 959.)

"In October 2021, the Governor signed Senate Bill No. 775 . . . , effective January 1, 2022. . . . Senate Bill No. 775 amend[ed] subdivision (a) of [former] section 1170.95 to allow persons convicted of 'attempted murder under the natural and probable consequences doctrine' and manslaughter (in addition to those convicted of murder) to seek relief from their convictions . . . ." (*People v. Coley* (2022) 77 Cal.App.5th 539,

5.

544; see Stats. 2021, ch. 551, § 1, subd. (a) ["The Legislature finds and declares that this legislation . . . [¶] . . . [c]larifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories."]; *People v. Langi* (2022) 73 Cal.App.5th 972, 978 [Sen. Bill No. 775 "expanded the scope of" Sen. Bill No. 1437's changes].)

"Effective June 30, 2022, the Legislature renumbered [former] section 1170.95 to section 1172.6 with no change in text." (*People v. Gonzalez* (2023) 87 Cal.App.5th 869, 871, fn. 1, citing Stats. 2022, ch. 58, § 10; accord, *People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.)

A petitioner is entitled to relief under section 1172.6 if three conditions are satisfied: (1) the prosecution "proceed[ed] under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine" (§ 1172.6, subd. (a)(1)); (2) "[t]he petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder" (*id.*, subd. (a)(2)); and (3) "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019" (*id.*, subd. (a)(3)). (Accord, *People v. Watson* (2021) 64 Cal.App.5th 474, 482 [former § 1170.95].)

"After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (*Ibid.*) "Within 60 days after the order to show cause has issued, the court shall hold a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall

6.

the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (*Id.*, subd. (d)(1).)

"At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872[4] shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (§ 1172.6, subd. (d)(3).) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid.*)

## II.    Overview of statutory interpretation

"The court's role in construing a statute is to 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citations.] In determining the Legislature's intent, a court looks first to the words of the statute. [Citation.] '[I]t is the language of the statute itself that has successfully braved the legislative gauntlet.'

---

**4** Section 872, subdivision (b) permits a finding of probable cause based in whole or in part upon certain hearsay testimony by law enforcement officers having specified experience or training.

[Citation.]" (*People v. Snook* (1997) 16 Cal.4th 1210, 1215; see *California State University, Fresno Assn., Inc. v. County of Fresno*, *supra*, 9 Cal.App.5th at p. 266 [" ' "It is that [statutory] language which has been lobbied for, lobbied against, studied, proposed, drafted, restudied, redrafted, voted on in committee, amended, reamended, analyzed, reanalyzed, voted on by two houses of the Legislature, sent to a conference committee, and, after perhaps more lobbying, debate and analysis, finally signed 'into law' by the Governor.  The same care and scrutiny does not befall the committee reports, caucus analyses, authors' statements, legislative counsel digests and other documents which make up a statute's 'legislative history.' " ' "].)  "When looking to the words of the statute, a court gives the language its usual, ordinary meaning.  [Citations.]  If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.  [Citations.]" (*People v. Snook*, *supra*, at p. 1215.)

"An exception exists to the plain meaning rule.  A court is not required to follow the plain meaning of a statute when to do so would frustrate the manifest purpose of the legislation as a whole or otherwise lead to absurd results.  [Citations.]  However, the absurdity exception requires much more than showing that troubling consequences may potentially result if the statute's plain meaning were followed or that a different approach would have been wiser or better.  [Citations.]  Rather, '[t]o justify departing from a literal reading of a clearly worded statute, the results produced must be so unreasonable the Legislature could not have intended them.'  [Citation.]  Moreover, our courts have wisely cautioned that the absurdity exception to the plain meaning rule 'should be used most sparingly by the judiciary and only in extreme cases else we violate the separation of powers principle of government.  [Citation.]  We do not sit as a "super-legislature." [Citation.]'  [Citation.]" (*Switzer v. Wood* (2019) 35 Cal.App.5th 116, 129; accord, *People v. Heard* (2022) 83 Cal.App.5th 608, 625-626; see *People v. Bell* (2015) 241 Cal.App.4th 315, 351-352 [" 'Each time the judiciary utilizes the "absurd result" rule, a

8.

little piece is stripped from the written rule of law and confidence in legislative enactments is lessened. . . .' "].)

## III.     Analysis

The admissibility of evidence at a section 1172.6 hearing "shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed" (§ 1172.6, subd. (d)(3)), and "may also consider the procedural history of the case recited in any prior appellate opinion" (*ibid.*). "The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (*Ibid.*) "However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule." (*Ibid.*; see *People v. Flores* (2022) 77 Cal.App.5th 420, 444 ["Under the *expressio unius est exclusio alterius* principle of statutory interpretation, 'the presence of express exceptions ordinarily implies that additional exceptions are not contemplated.' "].) Nothing in the statutory language prohibits a trial court from admitting and considering a change-of-plea hearing transcript. (See *People v. Abarca* (1991) 233 Cal.App.3d 1347, 1350-1351 [reporter's transcript of change-of-plea hearing admissible under Evid. Code, § 1280's official records exception to hearsay rule].) Ramirez himself concedes the point.

Furthermore, we disagree with Ramirez's assertion the admission of the change-of-plea hearing transcript would frustrate the manifest purpose of section 1172.6 as a whole or otherwise lead to absurd results. Senate Bill No. 1437 details the purpose of the resentencing scheme is "to more equitably sentence offenders in accordance with their involvement in homicides" so as to uphold "a bedrock principle of the law and of equity that a person should be punished for his or her actions according to his or her own level of individual culpability" and facilitate "the reduction of prison overcrowding, which

9.

partially results from lengthy sentences that are not commensurate with the culpability of the individual." (Stats. 2018, ch. 1015, § 1, subds. (b), (d), (e).) "So the focus is on examining the truth of what happened to evaluate whether to reduce an individual's sentence so the punishment fits the crime." (*People v. Mitchell* (2022) 81 Cal.App.5th 575, 587.) "That takes facts." (*Ibid.*) Section 1172.6, subdivision (d)(3), as drafted, presents minimal evidentiary restrictions, giving courts latitude to assess a variety of materials. Such leeway may be explained—in part—by the fact section 1172.6 "applies to convictions by plea, not just jury trials" (*People v. Myles* (2021) 69 Cal.App.5th 688, 699), and the "record often available in cases resolved by plea" "[is] limited" (*ibid.*). "It would contravene th[e] goal of individualizing punishment for courts to blind themselves to the individualized facts of the case." (*People v. Mitchell*, *supra*, at p. 587.) Thus, to allow courts to consider transcripts and the like furnishing "a valuable source of information about a particular defendant's actions, and thus potentially important in the work of aligning individual punishment with individual culpability" (*id.* at pp. 587-588), "is not a consequence so extreme that it qualifies as absurd" (*People v. Heard*, *supra*, 83 Cal.App.5th at p. 626). We refuse to countenance the proposition a change-of-plea hearing transcript containing a defendant's admission he personally killed the victim must be disregarded at a section 1172.6 evidentiary hearing.

## DISPOSITION

The order denying Ramirez's petition for resentencing is affirmed.