Filed 9/25/23  P. v. Cadena CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081828 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS261991) |
| MANUEL HERYBERTO CADENA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Lynne G. McGinnis, and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

Manuel Heryberto Cadena appeals from an order denying his petition for resentencing on a 2013 attempted murder conviction under Penal Code

section 1170.95 (now § 1172.6).[1] We conclude the trial court correctly found that Cadena was ineligible for relief at the prima facie stage because the factual basis for his guilty plea conclusively establishes that he was convicted as the actual perpetrator of the attempted murder. Accordingly, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

The record of conviction does not include any of the underlying facts because Cadena pled guilty before the preliminary hearing.[2]

In January 2013, Cadena was charged by amended complaint with five crimes allegedly committed on or about October 7, 2012. As relevant here, count one charged attempted murder of George M. (§§ 187, subd. (a), 664)), with allegations that Cadena personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)) in the commission of the attempted murder, and that the offense was willful, deliberate, and premeditated (§ 189). Count three charged shooting at an occupied motor vehicle (§ 246) with an allegation that Cadena personally inflicted great bodily injury (§ 12022.7, subd. (a)).

The amended complaint charged three co-defendants with the same attempted murder of George M. in count one. It further alleged that one of

---

[1]    All statutory references are to the Penal Code unless otherwise specified. Effective June 30, 2022, section 1170.95 was recodified without substantive change in section 1172.6, pursuant to Assembly Bill No. 200 (2021-2022 Reg. Sess.) (Assembly Bill No. 200). (See Stats. 2022, ch. 58, § 10.) We refer to the current codification throughout this opinion.

[2]    We decline to rely on the facts stated in the probation report because it is not part of the record of conviction. (See *People v. Del Rio* (2023) 94 Cal.App.5th 47, 56 ["Ordinarily, a probation officer's report is not part of the record of conviction."].)

the co-defendants (Oswaldo Mariscal) was armed with a handgun (§ 12022, subd. (a)(1)) and another (Paul Alberto Mariscal) personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7) in the commission of the attempted murder.

In April 2013, Cadena pled guilty to the attempted murder charged in count one (§§ 187, 664) and shooting at an occupied vehicle charged in count three (§ 246). As to the attempted murder, Cadena admitted the allegations of personal use of a firearm (§ 12022.5, subd. (a)) and personal infliction of great bodily injury (§ 12022.7, subd. (a)). As part of the plea bargain, the prosecution agreed to dismiss the remaining charges and enhancements, and the parties stipulated to a sentence of 14 years eight months.

Cadena signed and initialed a standard plea form before the plea hearing. As originally initialed by Cadena, he admitted the following facts that were written onto the form as the factual basis for the plea: "I admit that on the dates charged, . . . I willfully unlawfully attempted to murder another human being using a firearm and causing great bodily injury. I also willfully unlawfully discharged a firearm into an occupied motor vehicle."

At the plea hearing, Cadena admitted that the initials and signature on the plea form were his and that he had gone over the plea form with his attorney before initialing and signing. The court read aloud the factual basis for the plea as originally written: "I am pleading guilty and I admit that on the date charged, I willfully unlawfully attempted to murder another human being using a firearm and causing great bodily injury. I also willfully unlawfully discharged a firearm into an occupied vehicle."

The trial court then suggested to defense counsel that the factual basis should be modified as follows: "Mr. Wolfe, let me just add a 'personally' word there. 'Attempted to murder another human being by *personally* using a

3

firearm and *personally* causing great bodily injury.' " (Italics added.) The court asked Cadena: "And Mr. Cadena, is all of that true and correct?" Cadena responded, "Yes." The court then confirmed with the prosecutor and defense counsel that they were both "satisfied with the factual basis." Accordingly, the court modified the factual basis on the plea form by adding the word "personally" by interlineation in two places—before the phrase "using a firearm" and before the phrase "causing great bodily injury."

At sentencing, the court sentenced Cadena to 14 years eight months in prison.

In September 2022, Cadena filed a petition for resentencing under section 1172.6. After the court appointed counsel for Cadena, the parties filed further briefing. At a hearing in March 2023, the court denied the petition at the prima facie stage. The court explained its ruling as follows:

> "Pursuant to the Lewis case People versus Lewis at 11 Cal. 5th 952, which instructs the court that they may not engage in any fact finding; however, they may rely on any record of conviction. The court has reviewed the change of plea form, which is part of the record of conviction in this case.
>
> "It's clear that Mr. Cadena in paragraph 15 of the change of plea form admitted that he -- and I quote -- 'I wilfully unlawfully attempted to murder another human being personally using a firearm and personally causing great bodily injury. I also wilfully unlawfully discharged a firearm into an occupied motor vehicle.'
>
> "I think that is a basis for his change of plea to attempted murder under Penal Code 664 and 187(a) admitting the allegations pursuant to Penal Code 12022.5(a), and the great bodily injury allegation pursuant to Penal Code 12022.7(a). As well as the discharging of the firearm into an occupied dwelling, which was alleged in count 3, Penal

4

Code 246, provides a basis for the court to deny this petition.

"So, based on that, the court is denying Mr. Cadena's petition at this point as not having . . . made a prima [facie] showing."

## DISCUSSION

Cadena contends that the trial court erred by denying his section 1172.6 petition for relief at the prima facie stage without an evidentiary hearing. He argues the record of conviction does not rule out the possibility that he was convicted of attempted murder as an aider and abettor under the natural and probable consequences doctrine. We review Cadena's eligibility for relief de novo. (*People v. Harrison* (2021) 73 Cal.App.5th 429, 437.)

Section 1172.6 allows those previously convicted of certain theories of murder or attempted murder that have since been eliminated or narrowed to have their convictions vacated and be resentenced on any remaining counts. (§ 1172.6, subd. (a).) The only theory of attempted murder specified by the statute is "attempted murder under the natural and probable consequences doctrine." (*Ibid.*; see *People v. Coley* (2022) 77 Cal.App.5th 539, 548.) Thus, a defendant convicted of attempted murder either as an actual perpetrator or a direct aider and abettor is not eligible for relief. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204.)

After appointing counsel for a section 1172.6 petitioner, the trial court is permitted to examine the record of conviction to assess whether it refutes the petitioner's claim of eligibility. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–972.) The court may deny the petition at the prima facie stage only if the record of conviction discloses that the petitioner is ineligible for relief as a matter of law. (*Id.* at p. 971.) A court may not engage in factfinding or weighing of evidence in making this determination at the prima facie stage.

5

(*Id*. at p. 972.)  Although the court must generally take the petitioner's factual allegations as true, it is not required to accept factual allegations that are conclusively refuted by the record of conviction, including the court's own documents.  (*Id*. at p. 971.)

When the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts "the defendant admitted as the factual basis for a guilty plea."  (*People v. Gallardo* (2017) 4 Cal.5th 120, 136; see § 1192.5, subd. (c) [court approving guilty plea must "cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea"].)  The transcript of the plea hearing is also part of the record of conviction.  (*People v. Abarca* (1991) 233 Cal.App.3d 1347, 1350.)

We agree with Cadena that his mere admissions that he personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7) in the commission of the attempted murder do not conclusively establish that he was convicted as a perpetrator, rather than an aider and abettor.  Without additional facts, an admission of personal firearm use or personal infliction of great bodily injury does not necessarily establish that the defendant was convicted as the actual perpetrator of a murder or attempted murder.  (*People v. Cooper* (2020) 54 Cal.App.5th 106, 125.)  It is possible for an aider and abettor to personally use a firearm and personally inflict great bodily injury while aiding and abetting the actual perpetrator of a murder or attempted murder.  In fact, these could be the very acts that constitute aiding and abetting.  As the Supreme Court has acknowledged, "the dividing line between the actual perpetrator and the aider and abettor is often blurred . . . [w]hen two or more persons commit a crime together . . . ."  (*People v. McCoy* (2001) 25 Cal.4th 1111, 1120.)

6

In some circumstances, however, the record of conviction will include additional facts conclusively demonstrating that the defendant was convicted as the actual perpetrator. "[T]he California Supreme Court [has] held that although in theory, a finding that a defendant personally used a firearm does not in itself prove a defendant is the actual killer [citation], the facts of a particular case may support only that conclusion." (*People v. Garrison* (2021) 73 Cal.App.5th 735, 743 (*Garrison*), citing *People v. Jones* (2003) 30 Cal.4th 1084, 1120 (*Jones*).) For example, "when the record shows only one person displayed and used a gun, and '[a]ll evidence points to defendant, not the second robber, as the one with the gun,' the true finding on a personal use enhancement demonstrates that the defendant was the actual killer." (*Garrison*, at p. 744, citing *Jones*, at p. 1120; see also *People v. Young* (2005) 34 Cal.4th 1149, 1205 [jury's "true finding on the allegation that defendant personally used a handgun during the commission of the Rivers murder is further evidence that the jury concluded he actually killed Rivers" because "the evidence shows that only one gun was used to commit the crimes" and "all evidence points to defendant as the one who actually shot and killed Rivers"].)

In contrast to these examples, the record here does not establish that only one person personally used a gun or personally inflicted great bodily injury in committing the attempted murder of George M. On the contrary, there were four defendants charged with the crime, and one of the co-defendants was also charged with the same personal firearm use and great bodily injury enhancements as Cadena. It is therefore possible that more than one individual personally used a gun and personally inflicted great bodily injury on the victim. Without additional facts, we could not rule out the possibility that Cadena pled guilty on a theory that he aided and abetted

7

an intended assault with a deadly weapon, and someone else committed an attempted murder as a natural and probable consequence of the intended assault. (See, e.g., *People v. Offley* (2020) 48 Cal.App.5th 588, 599 [record of conviction did not exclude the possibility that jury concluded defendant "intended to take part in a conspiracy to commit assault with a firearm, or to fire into an occupied vehicle, with the aim of either injuring or merely frightening" the victim, and that the victim's death "was the natural and probable consequence of the conspiracy"].)

We nevertheless conclude that the factual basis for Cadena's plea supplies these additional facts and eliminates the possibility that he pled guilty to the attempted murder on an aiding and abetting theory. By his initials and signature on the plea form, Cadena admitted: "I willfully unlawfully attempted to murder another human being personally using a firearm and personally causing great bodily injury." At the plea hearing, Cadena again personally admitted that the following facts were true and correct: "I am pleading guilty and I admit that on the date charged, I willfully attempted to murder another human being by [personally] using a firearm and [personally] causing great bodily injury."

These factual admissions conclusively establish that Cadena was convicted of the attempted murder as a direct perpetrator, rather than an aider and abettor under the natural and probable consequences doctrine. As the factual basis for his plea, Cadena personally admitted that *he* unlawfully attempted to murder George M. using a firearm—not that he aided and abetted someone else who committed the attempted murder. Although a defendant is not required to personally admit the truth of the factual basis for his guilty plea, when he does admit the truth of specific facts, as Cadena did here, those facts are properly considered as part of the record of

8

conviction.  (See *People v. Rivera* (2021) 62 Cal.App.5th 217, 235; *People v. Davenport* (2021) 71 Cal.App.5th 476, 481–482; *People v. Eynon* (2021) 68 Cal.App.5th 967, 977–978.)  Accordingly, the trial court correctly concluded that Cadena was ineligible for relief as a matter of law.

## DISPOSITION

The order denying Cadena's petition for relief under section 1172.6 is affirmed.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

9