Filed 7/21/22  P. v. Achterberg CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LINDA GAYE ACHTERBERG,<br><br>    Defendant and Appellant. | 2d Crim. No. B315582<br>(Super. Ct. No. SM109835)<br>(Santa Barbara County) |

Linda Gaye Achterberg appeals from the trial court's order denying her petition for resentencing pursuant to Penal Code[1] former section 1170.95 (now § 1172.6).  She contends the court erred when it summarily denied the petition without appointing counsel and issuing an order to show cause.  We affirm.

### FACTUAL AND PROCEDURAL HISTORY

In 1998, M.M. was murdered.  Her body had been burned. Achterberg and two codefendants, Julie Padilla and Jose Estrada,

---

[1]Further unspecified statutory references are to the Penal Code.

were charged with one count of first degree murder of M.M. (§ 187, subd. (a)) with special circumstance allegations of torture (§ 190.2, subd. (a)(18)) and kidnapping-murder (§ 190.2, subd. (a)(17)), and one count of kidnapping (§ 207, subd. (a)).

*Plea Hearing*[2]

Achterberg pleaded no contest to first degree murder. The murder special circumstance allegations and the kidnapping count were dismissed.

At the plea hearing, the defense stipulated to a factual basis for the plea. The prosecutor responded, "With regard to that, Miss Achterberg, there is an item I'd like to establish for the factual basis. I think [Defense Counsel] has gone over several short-numbered paragraphs that I have written in a memo that I have written to the District Attorney." The prosecutor proceeded to ask Achterberg about specific facts of the murder, including: whether she drove M.M., Padilla, and Estrada to a gas station; saw Padilla put fuel in a can and then place the can in Achterberg's car; was aware that M.M. was tied up; heard Padilla say "I have got to do [M.M.]; I've got to take care of [M.M.]"; discouraged stopping at locations Padilla suggested so that she could drive them to a more secluded location; saw Estrada grab M.M. out of the truck; saw Padilla douse M.M. with fuel and Estrada light M.M.; saw Estrada re-douse M.M. with fuel to "make sure the victim had actually burned"; and drove Padilla and Estrada from the scene of the crime. Achterberg replied "yes" to each of these questions.

The trial court sentenced Achterberg to 25 years to life with the possibility of parole.

_____

[2] We grant respondent's motion for judicial notice of the reporter's transcript of the plea hearing.

2

*Petition for Resentencing*

In 2019, Achterberg petitioned for resentencing pursuant to former section 1170.95. She declared that a complaint, information, or indictment was filed against her that allowed her to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; she pleaded guilty or no contest to first degree murder in lieu of going to trial because she believed she could have been convicted of first or second degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine; and she could not now be convicted of first degree murder because of the changes made to sections 188 and 189. She requested appointment of counsel for the resentencing process.

The court summarily denied the petition without appointing counsel for Achterberg. The court explained that it "read the probation report, which indicates the facts of the case, and I won't go through them all at this point, but there's no doubt in this Court's mind that the intent to kill is not an issue and that she was directly involved with the murder. [¶] The Court finds there's not a threshold finding that this case falls within the new legislation and denies the relief . . . ."

## DISCUSSION

Achterberg contends that the trial court erred when it summarily denied her petition for resentencing without appointing counsel and that she was prejudiced by the error. We conclude there was no prejudicial error.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted to amend the felony-murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major

3

participant in the underlying felony who acted with reckless indifference to human life.  (Stats. 2018, ch. 1015, § 1, subd. (f).)  It amended section 188, to require that a principal must act with malice aforethought, and malice can no longer "be imputed to a person based solely on [their] participation in a crime."  (§ 188, subd. (a)(3).)  It also amended section 189 to require that for a felony murder conviction, the defendant must be:  (1) the actual killer, (2) one who acted with the intent to aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree, or (3) a major participant in the underlying felony who acted with reckless indifference to human life. (§ 189, subd. (e).)

Senate Bill No. 1437 also added former section 1170.95, which provides that a person may file a petition for resentencing if:  (1) the complaint, information, or indictment filed against them allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) the person was convicted of murder following a trial or accepted a plea offer in lieu of a trial at which they could be convicted of murder; and (3) the person could not now be convicted of murder because of changes to section 188 or 189. (Former § 1170.95, subd. (a).)

Upon the filing of a facially sufficient petition, the trial court must appoint counsel for the petitioner if requested, allow briefing, and determine whether the petitioner has made a prima facie case for eligibility or entitlement to relief.  (*People v. Lewis* (2021) 11 Cal.5th 952, 961-970 (*Lewis*).  In conducting the prima facie review, the court takes the petitioner's factual allegations as true and makes preliminary assessments on whether the petitioner is entitled to relief if their factual allegations were proved.  (*Id*. at p. 971.)  The court may consider the record of

4

conviction. (*Id.* at pp. 970-971.) If "'the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner.'" [Citations.]" (*Id.* at p. 971.) In reviewing the record of conviction, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id.* at p. 972.) "If the petitioner makes a prima facie showing that [they are] entitled to relief, the court shall issue an order to show cause." (Former § 1170.95, subd. (c).)

If a trial court erroneously denies a resentencing petition pursuant to former section 1170.95 without appointing counsel, the error is reviewed under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis*, *supra*, 11 Cal.5th at p. 973.) Reversal is required if the petitioner shows a reasonable probability that if they had been afforded assistance of counsel, their petition would not have been summarily denied without an evidentiary hearing. (*Id.* at p. 974.)

Here, we conclude that any error was harmless because the record of conviction demonstrates that Achterberg is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at p. 974; see *People v. Mancilla* (2021) 67 Cal.App.5th 854, 866-867 [record of conviction, including a prior appellate opinion, showed that the defendant was convicted of a "provocative act murder," which rendered him ineligible for relief].)[3]

_____

[3] Achterberg contends the trial court erred in relying on the probation report. She argues that Senate Bill No. 775 (2020-2021 Reg. Sess.) retroactively applies to this case. We do not decide this issue because we agree with the Attorney General that the issue is "inconsequential" here where the standards for

5

The record of conviction included a transcript of the plea hearing which clearly established that Achterberg was convicted of murder under the theory that she was a direct aider and abettor. (See *People v. Abarca* (1991) 233 Cal.App.3d 1347, 1350 [a reporter's transcript of a plea is considered part of the record of conviction].) The transcript shows that when the prosecution questioned Achterberg regarding the factual basis for the plea, she admitted several specific facts, including those establishing her knowledge of her codefendants' intent to murder M.M. and her willing participation to aid them in accomplishing the murder.

Achterberg relies on *People v. Eynon* (2021) 68 Cal.App.5th 967, 971 (*Eynon*), in which the defendant pleaded guilty to committing first degree murder "'wil[l]fully, unlawfully, and with deliberation, premeditation, and malice aforethought.'" The pleading did not specify the theory of first degree murder liability, and as a factual basis, the defendant admitted that he "did the things that are stated in the charges that I am admitting." (*Ibid.*) The Court of Appeal held that because the defendant's plea and admission did not preclude liability on a felony murder or natural or probable consequences theory, his resentencing petition pursuant to former section 1170.95 stated a prima facie case for relief and the record of conviction did not refute his allegation that he was eligible for relief. (*Eynon*, at p. 979.)

_____

considering a petitioner's prima facie eligibility is consistent with *Lewis, supra*, 11 Cal.5th at p. 971. Any error here was harmless because the transcript of the plea hearing, which was a part of the record of conviction, unequivocally demonstrates her ineligibility for relief. (See *Mancilla, supra*, 67 Cal.App.5th at p. 867, fn. 4.)

*Eynon, supra*, 68 Cal.App.5th 967 is distinguishable. Unlike the defendant in *Eynon*, Achterberg's admission to specific facts of the murder established she was a direct aider and abettor. Thus, there is no reasonable probability that if Achterberg was afforded counsel, her petition would not have been summarily denied. (*Lewis, supra*, 11 Cal.5th at p. 974.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

James K. Voysey, Judge

Superior Court County of Santa Barbara

_____

Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.