Filed 3/6/24  P. v. Barajas CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SAMUEL BARAJAS,<br><br>Defendant and Appellant. | F085302<br><br>(Super. Ct. No. SC054409A)<br><br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING**<br>[NO CHANGE IN JUDGMENT] |

**THE COURT:**

It is ordered that the opinion filed herein on February 15, 2024, be modified in the following particulars:

1.  On page 13, the subheading that reads "d.  *Remaining contention*" is deleted and the following subheading is inserted in its place:

    e.  *Defendant's remaining contention*

2.  On page 13, after the first full paragraph and before the subheading which now reads "e.  *Defendant's remaining contention*" the following subheading and paragraphs are added:

    d.  Curiel

    Our Supreme Court issued *People v. Curiel* (2023) 15 Cal.5th 433 (*Curiel*) on November 27, 2023.  In that case, a jury convicted Curiel of

first degree murder and found true a gang-murder special-circumstance allegation (among other things) in 2006. (*Id.* at p. 440.) Following the enactment of Senate Bill No. 1437 (2017–2018 Reg. Sess.), Curiel filed a petition for resentencing, alleging he had been convicted of murder under the natural and probable consequences doctrine and could not be convicted of murder under current law. (*Ibid.*) The trial court denied the petition based on the jury's gang-murder special circumstance finding, which incorporated an intent-to-kill finding and refuted Curiel's claim. (*Ibid.*) The appellate court reversed the order, finding the intent-to-kill finding showed Curiel "harbored a culpable mental state (mens rea)" (*ibid.*) but—as a matter of law—did not demonstrate he "committed a culpable act (actus reus)" (*ibid.*).

In affirming the appellate court's judgment (*Curiel*, *supra*, 15 Cal.5th at p. 471), the Supreme Court concluded "an intent to kill finding does not itself conclusively establish a petitioner is ineligible for relief" under section 1172.6 (*Curiel*, at p. 461). It reasoned: (1) at the prima facie review stage of a section 1172.6 petition, "a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to section 188 or 189 made effective January 1, 2019, unless the allegation is refuted by the record" (*Curiel*, at p. 463); (2) "this allegation is not refuted by the record unless the record conclusively establishes every element of the offense" (*ibid.*); and (3) an intent-to-kill finding "is only one element" and "does not *by itself* establish any valid theory of liability" (*ibid.*, italics added). However, the high court pointed out "[o]ther aspects of the record . . . might be relevant to the remaining elements of the relevant homicide offense and conclusively refute a petitioner's allegation that he or she could not be convicted of murder under current law." (*Ibid.*)

Defendant asserts that *Curiel* requires the trial court's order to be reversed. We disagree. Defendant entered a plea of no contest to conspiracy to murder Medina with use of a firearm (which necessarily requires intent to kill) *and* admitted certain overt acts in furtherance of said conspiracy, thus establishing *both* the mens rea and actus reus of two valid theories of murder (provocative act murder and premeditated attempted murder) and conclusively rebutting defendant's allegation he could not be convicted of murder under current law. Given how the instant case is "materially different" (*Curiel*, *supra*, 15 Cal.5th at p. 471), *Curiel* does not apply.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

DETJEN, Acting P. J.

WE CONCUR:

PEÑA, J.

SMITH, J.

3.

Filed 2/15/24  P. v. Barajas CA5 (unmodified opinion)

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SAMUEL BARAJAS,<br><br>    Defendant and Appellant. | F085302<br><br>(Super. Ct. No. SC054409A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ismah Ahmad, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Samuel Barajas filed a petition for resentencing pursuant to former Penal Code[1] section 1170.95 (now section 1172.6). The trial court denied the petition, finding defendant failed to establish a prima facie claim for relief. On appeal, defendant contends he filed a facially sufficient petition. For the reasons set forth below, we affirm the trial court's order.

## BACKGROUND

In an information dated July 6, 1993, defendant was charged with multiple offenses, including (1) conspiring with Fidel Arrez-Garcia, an individual named " 'Jose,' " and " 'other unnamed or unknown' " confederates to murder undercover narcotics officer Medina with use of a firearm, to commit robbery with use of a firearm, to kidnap for the purpose of robbery with use of a firearm, to commit assault with a firearm, and to possess cocaine for sale (§ 182, subd. (a)(1) [count one]); (2) "willfully and unlawfully, deliberately and with premeditation and malice aforethought" murdering Arrez-Garcia (§ 187, subd. (a) [count two]); and (3) "willfully and unlawfully, deliberately and with premeditation and malice aforethought" attempting to murder Medina (§§ 187, subd. (a), 664 [count three]). In connection with count one, the information alleged defendant personally used a firearm (§ 12022.5, subd. (a) & former subd. (c)) and—in furtherance of the conspiracy—"got out of [a] blue Pontiac carrying a stolen .380 caliber semi-automatic Colt Mustang Pocketlite pistol," "went behind undercover officer Medina as he was struggling with Fidel Arrez-Garcia," and "placed a gun barrel to the back of undercover officer Medina's head and forced him into a position bent over from the waist." In connection with counts two and three, the information alleged defendant personally used a firearm (§ 12022.5, subd. (a)).

---

[1] Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

At a September 21, 1993 readiness hearing, defendant waived reading of the information and received permission to withdraw a plea of not guilty and enter a plea of no contest. The hearing transcript detailed the following exchange:

"THE COURT: All right. Count 1 of the information alleges that between April 6th, 1993 and April 7th, 1993, you, Mr. Barajas, conspired with Fidel Arrez, a person named Jose and other unnamed co-conspirators to violate one or more of the following laws: One, the murder of [undercover officer] Medina; two, robbery with the use of a firearm; three, kidnap for purpose of robbery with use of a firearm; four, assault with a deadly weapon, firearms; five, possession of two kilograms of cocaine for sale.

"And that in the course of conspiring to do so the following overt acts were committed: That on April 7th, 1993, you got out of a blue Pontiac carrying a stolen .380 caliber semi-automatic Colt Mustang pistol . . . ; . . . that on that same day you went behind undercover Officer Medina as he struggled with Fidel Arrez; and . . . that on that same day you placed a gun barrel to the back of undercover Officer Medina's head and forced him into a bent over position.

"To the charge in Count 1 of conspiracy to commit those crimes, how do you plead, sir?

"THE DEFENDANT: No contest.

"THE COURT: And to those three overt acts which I have just recited, . . . do you admit or deny the overt acts?

"THE DEFENDANT: I admit them.

"THE COURT: All right. It is alleged that in the commission of the conspiracy you personally used a firearm within the meaning of Penal Code Section 12022.5 (a) and 12022.5 (c). And do you admit that allegation?

"THE DEFENDANT: Yes. [¶] . . . [¶]

"THE COURT: All right. As to Count 2, the allegation then is – People are going to move to amend Count 2 before I take the plea?

"[PROSECUTOR]: Yes. People will move as to Count 2 to amend to read violation of Penal Code Section 187 subparagraph (a) second or second degree murder.

3.

"THE COURT: And I believe that also would involve the striking of the words and malice aforethought, would it not?

"[PROSECUTOR]: Yes, it would.

"THE COURT: All right. And you stipulate to that amendment thus making it a second degree murder?

"[DEFENSE COUNSEL]: I do, your Honor.

"THE COURT: All right. The charge in Count 2 as amended is that on or about April 7th, 1993, you willfully and unlawfully, deliberately and with premeditation murdered Fidel Arrez in violation of Penal Code Section 187(a) – excuse me, strike that. In violation of Penal Code Section –

"[PROSECUTOR]: I have it as 187(a). I would have to check that. I think it still would be a second degree.

"THE COURT: Yes, that's right. 187(a), it being a second degree murder, a murder perpetrated by provocative acts, how do you plead?

"THE DEFENDANT: No contest.

"THE COURT: And it is alleged that in the commission of this offense you personally used a firearm within the meaning of Penal Code Section 12022.5 (a). Do you admit that allegation?

"THE DEFENDANT: No contest.

"THE COURT: All right. Accept that. Count 3 alleges that on or about April 7th, 1993, you willfully and unlawfully, deliberately, with premeditation and malice aforethought attempted to murder [undercover officer] Medina, in violation of Penal Code Section 664, showing it as an attempt, 187(a), an attempted first degree murder, a felony. How do you plead to that charge?

"THE DEFENDANT: No contest.

"THE COURT: It is alleged that you used a firearm in the commission of that offense within the meaning of Penal Code Section 12022.5 (a). Do you admit that allegation?

"THE DEFENDANT: No contest."

4.

At a November 4, 1993 sentencing hearing, the trial court imposed life with possibility of parole—plus four years for the firearm use enhancement—on count three and a consecutive 15 years to life with possibility of parole—plus four years for the firearm use enhancement—on count two.[2]

On April 12, 2022, defendant filed a petition for resentencing pursuant to then-section 1170.95.  He marked the following checkboxes:

> "1.    A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [Citation.]
>
> "2.    I was convicted of **murder**, **attempted murder**, or **manslaughter** following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder.  [Citation.]
>
> "3.    I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019.  [Citation.]"

Shortly thereafter, per defendant's request, the trial court appointed counsel to represent him.

In their opposition, the People argued (1) the petition must be denied as to the second degree murder conviction because defendant "was convicted of murder under the provocative act theory, and not under the felony murder rule or the natural and probable consequences theory"; and (2) the petition must be denied as to the attempted murder conviction because defendant "was convicted of attempted first degree murder that was premeditated, willful, and committed with malice afor[]ethought, with personal use of a

_____

[2] The trial court imposed 15 years to life—plus eight years for the firearm use enhancements—on count one and stayed execution thereof pursuant to section 654.

5.

firearm." (Boldface & capitalization omitted.) Attached to the opposition as supporting evidence was the transcript of the September 21, 1993 readiness hearing.

Following a November 15, 2022 prima facie hearing, the trial court ruled:

> "With the matter before the Court, the record is that the defendant pled guilty to second-degree murder, he pled guilty to attempted murder, he pled guilty to conspiracy and numerous allegations. Based upon the charges the defendant voluntarily pled to, I do not see how a prima facie case has been established. [¶] . . . [¶] . . . With that, the Court finds there is no prima facie showing in the petition that's been filed. The petition is denied."

## DISCUSSION

### I.    Legal overview

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 [(2017–2018 Reg. Sess.)] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*), quoting Stats. 2018, ch. 1015, § 1, subd. (f).) "Through the passage of Senate Bill [No.] 1437 [(2017–2018 Reg. Sess.)] the Legislature effectively eliminated the natural and probable consequences doctrine as it relates to murder convictions, and reduced the scope of the felony-murder rule." (*People v. Prado* (2020) 49 Cal.App.5th 480, 487.) "To effectuate these changes, the Legislature amended sections 188 and 189 . . . ." (*Ibid.*; see §§ 188, subd. (a)(3) ["Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."]; 189, subd. (e) ["A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the

6.

intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."].) Senate Bill No. 1437 (2017–2018 Reg. Sess.) also "added [former] section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, *supra*, at p. 959.)

"In 2021, the Legislature passed Senate Bill No. 775 (2021–2022 Reg. Sess.) . . . , amending former section 1170.95 effective January 1, 2022. In addition to providing relief for those convicted of felony murder or [murder] under the natural probable consequences doctrine, the amended statute extended relief to defendants convicted under any 'other theory under which malice is imputed to a person based solely on that person's participation in a crime.' [Citation.] The amended statute also expanded the categories of offenses eligible for relief to include attempted murder and manslaughter as well as murder. [Citation.]" (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1173–1174 (*Lee*).)

"Effective June 30, 2022, the Legislature renumbered [former] section 1170.95 to section 1172.6 with no change in text." (*People v. Gonzalez* (2023) 87 Cal.App.5th 869, 871, fn. 1, citing Stats. 2022, ch. 58, § 10; accord, *People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.)

A petitioner is entitled to relief under section 1172.6 if three conditions are satisfied: (1) the prosecution "proceed[ed] under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[3]" (§ 1172.6, subd. (a)(1));

---

[3] Attempted felony murder does not exist in California. (*People v. Billa* (2003) 31 Cal.4th 1064, 1071, fn. 4; *People v. Brito* (1991) 232 Cal.App.3d 316, 321.)

(2) "[t]he petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder" (*id.*, subd. (a)(2)); and (3) "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019" (*id.*, subd. (a)(3)). (Accord, *People v. Watson* (2021) 64 Cal.App.5th 474, 482 [former § 1170.95].)

"After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) "If a petitioner makes a prima facie showing of relief under section 1172.6—that is, a showing that the petitioner was convicted of murder, attempted murder, or manslaughter under a theory no longer valid under the amended Penal Code— the resentencing court must issue an order to show cause for an evidentiary hearing." (*Lee*, *supra*, 95 Cal.App.5th at p. 1174; accord, § 1172.6, subds. (c)–(d).) At the evidentiary hearing, "the prosecution must prove beyond a reasonable doubt that the petitioner remains guilty of murder or attempted murder despite the amendments to sections 188 and 189." (*Lee*, *supra*, at p. 1174.)

"[T]he prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. . . ." ' [Citation.]" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Ibid.*; see *People v. Abarca* (1991) 233 Cal.App.3d 1347, 1349–1350 ["record of conviction" encompasses change-of-plea forms, minute orders reflecting no contest pleas, and transcripts of change-of-plea proceedings].) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding

involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Lewis*, *supra*, at p. 972; see *People v. Davenport* (2021) 71 Cal.App.5th 476, 481 (*Davenport*) ["The court's authority to summarily deny a petition is thus limited to 'readily ascertainable facts' taken from the record of conviction . . . ."].) Moreover, " '[a] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.]" (*Lewis*, *supra*, at p. 971.) " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citation.]" (*Ibid.*) "The contents of the record of conviction defeat a prima facie showing when the record shows as a matter of law that the petitioner is not eligible for relief." (*People v. Swanson* (2020) 57 Cal.App.5th 604, 612.)

## II. Analysis

### a. *Standard of review*

"We review de novo an order denying a section 1172.6 petition at the prima facie review stage." (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.)

### b. *Second degree murder conviction (count two)*

The September 21, 1993 transcript shows defendant pled no contest to second degree murder "perpetrated by provocative acts,"[4] not second degree felony murder or second degree murder based on the natural and probable consequences doctrine.

---

[4] Defendant stresses count two was amended to strike the words "malice aforethought." Nevertheless, defendant pled no contest to second degree murder "perpetrated by provocative acts." In order to convict a defendant of provocative act murder, proof of malice aforethought is required. (See *People v. Gilbert* (1965) 63 Cal.2d 690, 704 (*Gilbert*); see also at pp. 10–11, *post*.)

"The provocative act murder doctrine has traditionally been invoked in cases in which the perpetrator of the underlying crime instigates a gun battle, either by firing first or by otherwise engaging in severe, life-threatening, and usually gun-wielding conduct, and the police, or a victim of the underlying crime, responds with privileged lethal force by shooting back and killing the perpetrator's accomplice or an innocent bystander." (*People v. Cervantes* (2001) 26 Cal.4th 860, 867.) As explained by the California Supreme Court:

> "When someone other than the defendant or an accomplice kills during the commission or attempted commission of a crime, the defendant is not liable under felony-murder principles but may nevertheless be prosecuted for murder under the provocative act doctrine. . . . 'A provocative act murder case necessarily involves at least three people—. . . the perpetrator of the underlying offense, an accomplice, and a victim of their crime. [Citation.]' [Citation.] A variation on the law of transferred intent, the provocative act doctrine holds the perpetrator of a violent crime vicariously liable for the killing of an accomplice by a third party, usually the intended victim or a police officer. [Citations.] Under the felony-murder rule, if an accomplice is killed by a crime victim and not by the defendant, the defendant cannot be held liable for the accomplice's death. [Citations.] The provocative act doctrine is not so limited. Under the provocative act doctrine, when the perpetrator of a crime maliciously commits an act that is likely to result in death, and the victim kills in reasonable response to that act, the perpetrator is guilty of murder. [Citations.] 'In such a case, the killing is attributable, not merely to the commission of a felony, but to the intentional act of the defendant or his accomplice committed with conscious disregard for life.' [Citation.]" (*People v. Gonzalez* (2012) 54 Cal.4th 643, 654–655, italics & fn. omitted (*Gonzalez*).)

Under current case authority, to be guilty of provocative act murder, the accused must "*personally harbor[] the mental state of malice*, and either the [accused] or an accomplice intentionally committed a provocative act that proximately caused an unlawful killing." (*Gonzalez, supra*, 54 Cal.4th at p. 655, italics added, citing *People v. Concha* (2009) 47 Cal.4th 653, 660–661; see *People v. Mejia* (2012) 211 Cal.App.4th 586, 603 ["With respect to the *mental* element of provocative act murder, a defendant

10.

cannot be vicariously liable; he must personally possess the requisite mental state of malice aforethought when he either causes the death through his provocative act or aids and abets in the underlying crime the provocateur who causes the death."].) However, at the time of defendant's plea in 1993, "the Supreme Court had not separated out the mens rea of individual defendants in provocative act murder cases." (*Lee*, *supra*, 95 Cal.App.5th at p. 1182.) Instead, the law then in effect established "a defendant could be guilty of provocative act murder based on the malicious and provocative acts of his confederates, without a showing that the defendant himself harbored malice." (*Id.* at p. 1178; see, e.g., *People v. Antick* (1975) 15 Cal.3d 79, 89; *Taylor v. Superior Court* (1970) 3 Cal.3d 578, 582–583; *Gilbert*, *supra*, 63 Cal.2d at pp. 704–705; *People v. Garcia* (1999) 69 Cal.App.4th 1324, 1331, fn. 4; *People v. Mai* (1994) 22 Cal.App.4th 117, 125, 127–128, & fn. 9.) In light of the above, the fact defendant in the instant case pled no contest to second degree provocative act murder did not—on its own—refute the allegations of his resentencing petition.

Nevertheless, we conclude " 'readily ascertainable facts' taken from the record of conviction" (*Davenport*, *supra*, 71 Cal.App.5th at p. 481) rendered defendant ineligible for relief under section 1172.6 as a matter of law. He pled no contest to not only second degree provocative act murder (count two) but also conspiracy to murder Medina with use of a firearm, among other things (count one). Conspiracy "is a specific intent crime" (*People v. Swain* (1996) 12 Cal.4th 593, 602) and a conspiracy to commit murder "requires a finding of intent to kill, and cannot be based on a theory of implied malice" (*id.* at p. 607). Because "proof of unlawful 'intent to kill' is the functional equivalent of express malice" (*id.* at p. 601), "where the conspirators agree or conspire with specific intent to kill and commit an overt act in furtherance of such agreement, they are guilty of conspiracy to commit express malice murder" (*id.* at p. 602). Furthermore, defendant admitted—in furtherance of said conspiracy—he approached Medina from behind as the officer was in a tussle with coconspirator Arrez-Garcia and pointed a semiautomatic

11.

pistol at Medina's head, forcing the officer "into a [bent over] position." (See *Gonzalez*, *supra*, 54 Cal.4th at p. 657 ["A provocative act is conduct that is dangerous to human life, not necessarily in and of itself, but because, in the circumstances, it is likely to elicit a deadly response."].) By virtue of defendant's plea and admissions with respect to count one, the elements of provocative act murder—as they existed in 1993—were necessarily met without any imputed malice or any reference to the mental state and/or actions of an accomplice.

  c. *Attempted murder conviction (count three)*

  The September 21, 1993 transcript shows defendant pled no contest to "willfully and unlawfully, deliberately, with premeditation and malice aforethought" attempting to murder Medina.

  " 'An attempt to commit a crime consists of a specific intent to commit the crime, and a direct but ineffectual act done towards its commission. [Citations.] Commission of an element of the underlying crime other than formation of intent to do it is not necessary. [Citation.] Although mere preparation such as planning or mere intention to commit a crime is insufficient to constitute an attempt, acts which indicate a certain, unambiguous intent to commit that specific crime, and, in themselves, are an immediate step in the present execution of the criminal design will be sufficient. [Citations.]' [Citation.]" (*People v. Jones* (1999) 75 Cal.App.4th 616, 627, fn. omitted.)

  At the time of defendant's plea in 1993, case law permitted an accomplice to the perpetrator of a premeditated attempted murder to be convicted under the natural and probable consequences doctrine without having an intent to kill. (See, e.g., *People v. Favor* (2012) 54 Cal.4th 868.) Thus, the fact defendant pled no contest to premeditated attempted murder did not—on its own—refute the allegations of his resentencing petition.

Once again, however, we conclude " 'readily ascertainable facts' taken from the record of conviction" (*Davenport*, *supra*, 71 Cal.App.5th at p. 481) rendered defendant ineligible for relief under section 1172.6 as a matter of law. As mentioned, he pled no contest to conspiracy to murder Medina with use of a firearm (count one), admitting he personally possessed the intent to kill Medina. (Cf. *People v. Eynon* (2021) 68 Cal.App.5th 967, 970–971 [the defendant did not admit he acted with intent to kill].) As also mentioned, defendant admitted he approached Medina from behind as the officer was in a tussle with coconspirator Arrez-Garcia and pointed a semiautomatic pistol at Medina's head, forcing the officer "into a [bent over] position." By virtue of defendant's plea and admissions with respect to count one, the elements of premeditated attempted murder—as they existed in 1993—were necessarily met without any imputed malice or any reference to the mental state and/or actions of an accomplice.

### d. *Remaining contention*

Finally, defendant contends "issue preclusion did not bar relitigation of the prima facie inquiry" because "[t]he issues sought to be precluded from relitigation were not identical to that decided in the former plea proceeding"; "the issues were not actually litigated in the former plea proceeding"; and "the issues were not necessarily reached in the former plea proceeding." However, defendant does not identify these "issues" and does not provide any support for his assertions. "An appellate court is not required to examine undeveloped claims, nor to make arguments for parties." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106; see *Perry v. City of San Diego* (2021) 65 Cal.App.5th 172, 188, fn. 8 ["It is not this court's role to connect the dots."].) As we will not develop defendant's claim for him, we decline to address it. (See *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1.)

13.

## **DISPOSITION**

The order denying defendant's petition for resentencing is affirmed.

DETJEN, Acting P. J.

WE CONCUR:

PEÑA, J.

SMITH, J.

14.